NEW-YORK,<br>May, 1828.<br>Hawkins<br>v.<br>The Trustees<br>of Rochester.

Judgment affirmed.

---

## HAWKINS *vs.* THE TRUSTEES OF THE VILLAGE OF ROCHESTER.

THIS was an action of debt on *mutuatus*, under the 25th section of the "act to incorporate the village of Rochester," (*Statutes, vol. 7, b. 125, passed April 10, 1826,*) to recover $200, assessed to the plaintiff for land, taken in the opening of a street in the village of Rochester.   A resolution was passed, by the board of trustees, for opening a street called Court-street.   A jury was empannelled to inquire into, and assess the damages and recompense, due to the owners of real estate taken for the street, who awarded $200 to the plaintiff, as the owner of land taken for that purpose.   The verdict of the jury was duly rendered, and the president of the

In proceedings relative to the laying out and opening streets under the act to incorporate the village of Rochester, the power of the trustees of the village is analogous to that of the corporation of N. Y. in similar cases. When a sum of money is awarded, as damages, to an individual in such a proceeding, by the verdict of a jury, confirmed by the judgment of the president of the village, he acquires a vested right to it, which it is not in the power of the trustees to defeat, by discontinuing the proceedings.

NEW-YORK,
May, 1828.

Hawkins
v.
The Trustees
of Rochester.

village rendered judgment thereon, approving of the same. Assessors were then appointed, according to the directions of the act, to assess the sums allowed as damages and recompense, upon the owners and occupants of lots and, buildings intended to be benefitted by the improvement, who made an assessment, and reported the same to the board of trustees. After the coming in of this report, on the petition of most of the owners interested in the street, the board passed a resolution, discontinuing the proceedings in relation to the street, and setting aside all previous proceedings; and gave notice to the plaintiff, and all others interested, of such discontinuance. The land of the plaintiff was never taken possession of, or appropriated by the board as a street. The plaintiff brought his action to recover the sum awarded to him by the jury, in the assessment of damages. A case was made, subject to the opinion of this court : judgment to be rendered for the plaintiff, if the board of trustees had not a right to discontinue the proceedings ; otherwise, judgment for the defendants.

F. *Whittlesey*, for plaintiff.

R. *Beach*, for defendants.

*By the Court*, SUTHERLAND, J.   The plaintiff, by the verdict of the jury, and the judgment of the president of the village thereon, acquired a vested right to the sum awarded to him as damages, which it was not in the power of the trustees to defeat, by discontinuing the proceedings in relation to the street. The power of the trustees, under the 25th section of the act " to incorporate the village of Rochester," (*Statutes, vol. 7, b.* 125, *passed April* 10, 1826,) is analogous to that of the corporation of New-York, in opening and laying out streets. (2 *R. I.* 408.) In the matter of *Dover-street*, (18 *Johns. R.* 506,) the corporation were permitted to discontinue their proceedings. Commissioners of estimate and assessment had been appointed, but they refused to act, and the court considered the case standing in the same condition as though no commissioners had ever been appointed ; and they say, before commissioners are appointed, or re-

port made, we do not perceive how any rights can be so vested as to deprive the corporation of the power of refusing to go on. But in the matter of *Beekman street,* (20 *Johns. R.* 269,) the court refused leave to the corporation to discontinue their proceedings, commissioners having been appointed, and being nearly ready to report, though no report had actually been made. The principle adopted in these cases is applicable to that now under consideration, and is decisive in favor of the plaintiff's right to recover.

*Judgment for plaintiff.*