In the matter of ANTHONY-STREET, in the city of New-York.

Until the *final confirmation* of a report of commissioners of estimate and assessment in the laying out or widening of streets, individuals whose property was contemplated to be taken, do not acquire any *vested rights* in respect to the *damages* assessed.

The corporation who set the proceedings on foot may, by leave of the court, *discontinue* them at any time before the *final confirmation* of the report ; and they may do so if the report has been sent back to the commissioners for review in *one* or *two particulars,* although it was *approved* by the court *in most respects.*

On a motion by the corporation for leave to discontinue, affidavits showing the *impolicy* and *injustice* of granting the motion are inadmissible.

In this case the corporation presented a petition for leave to discontinue their proceedings in the above matter.

The petition stated among other things, that, on the application of the petitioners, made to this court, *May 4th,* 1837, commisioners of estimate and assessment had been appointed, who reported at the special term, in *March last,* when the petitioners moved this court that the report be confirmed. The motion being opposed, an order was directed and entered by the clerk thus : " That *the said report be referred back to the said commissioners,* for revisal and correction, by awarding to Maria Mooney by name, the value of her life estate, in one-third of the property belonging to the estate of Thomas Mooney, deceased, &c., and by reducing the sum awarded to the estate of said Thomas Mooney, to such amount as may remain, after the value of such life estate, &c., shall have been deducted. *Also,* that the said commissioners be at liberty to correct their report, by stating therein

that, *before* the completion of their said estimate, &c., they obtained from the corporation, &c. profiles and plans of the adjacent streets, as to the elevation or depression thereof, &c. ; and it is further ordered, *that, in all other respects, and as to all other parties, the said estimate and assessment be and the same is hereby confirmed.*" *See* 19 *Wendell,* 678, 686, 698.

*Grim,* contra, offered affidavits showing the *impolicy* and *injustice* of granting the prayer of the petition.

*By the Court,* Cowen, J.   If the corporation have any right to discontinue, it is the same as that of any other actor in a legal suit or proceeding.   A plaintiff may, of course, and at any time before verdict, or some step in nature of a verdict, withdraw and be nonsuited ; and even after verdict the defendant cannot compel him to proceed, unless he have acquired some vested right, which will be affected by allowing the plaintiff to stop short with the verdict.   He can not be questioned on account of the prejudice which a discontinuance may occasion.   The right of the corporation in street cases is not distinguishable in this respect from their right as plaintiffs in an ordinary suit.   Courts can not inquire into the expediency of their exercising the right ; or, if they can, they have no legal power to forbid its exercise. The affidavits are excluded.

Counsel were then heard upon the right of the corporation to discontinue, at so late a stage in the proceeding.

*C. O'Connor* and *J. M'Keon,* for the corporation.

*D. Lord, jun.,* and *S. Stevens,* contra.

*By the Court,* Cowen, J.   The cases heretofore decided by this court and the court of chancery, leave it quite clear that individuals acquire no vested right under these street proceedings and therefore can not insist that the corporation shall go on, *until the final confirmation* of the report of the commisioners of estimate and assessment.   Kent, Ch. in *the Corporation of N.*

*Y.* v. *Mapes,* 6 *Johns. Ch. Rep.* 49. *Matter of the application of the Mayor, &c. relative to Third street,* 6 *Cowen,* 571. *Hawkins* v. *The Trustees of Rochester,* 1 *Wendell* 53. *The People* v. *Brooklyn, id.* 318 *et sequitur, and other cases there cited. Matter of Canal street,* 11 *id.* 154. This view accords best with the language of the statute under which the proceedings take place. 2 *R. L. of* 1813, *pp.* 413, 414. By that act, so often as this court shall be dissatisfied with the report of the commissioners, it is to be referred back for revisal and correction ; and on the *final confirmation* of the report, the corporation become seized ; and, according to the cases, the corresponding rights of others vest.

In the case at bar, there has been no *final confirmation,* within the meaning of the act. The whole report was referred back as the statute requires it should be until we should be satisfied with it. The only difficulty raised is based on the concluding language of the rule, which declares, that the report is confirmed in all respects, excepting two particulars, wherein the commissioners were directed to make corrections. That, however, was clearly but another mode of expressing the opinion of the court, for the benefit of the commissioners and parties. It could not alter the legal effect of the reference, which was of the whole report ; and indeed left the whole open for possible revisal. The confirmatory language in which the rule has been thought convenient, as indicating our approval of a certain portion of the proceedings, and the word *approved* might have been more apt than *confirmed;* but the legal result is the same. Unless specific errors are pointed out in some way, the whole ground might be travelled over, and a thousand persons be heard by the commissioners, and again by the court, though, on the first hearing, we were satisfied with all except one or two particulars. Strictly speaking, there is in any one proceeding but a single report ; and what are called second or third supplemental reports, are but parts or modifications of a legal whole. As such it passes by reference between the court and the commissioners. It can not be confirmed piece-meal. The whole proceeding is entire, like a suit

In the matter of Anthony-street.

at law ; and, in a legal sense, the whole is confirmed or discon-
tinued at a single blow. This, too, seems to me the only method
of considering the matter which is feasible and just to all parties.
The report of estimate and assessment alone is what we have
power to review. This has reference to and is dependent on a
single improvement, which can not be split into fragments, in
proportion as we may from time to time allow or disallow parts
of the report ; relative rights, claims and liabilities becoming
vested and apportioned accordingly.

It is true, that the proceedings on the report being entire and
indivisible, a confirmation of part would be a confirmation of the
whole, upon the general principle that a plaintiff or prosecutor
can not split his claim. If he take judgment for a part, it is a
judgment for the whole, and bars all proceeding by another suit
or in the same suit for the residue. But the rule means a judg-
ment or confirmation *final* in its legal character. Accordingly a
judgment, which is in form one of nonsuit by a common magis-
trate, shall be held to be a nonsuit or a judgment final on the
merits, and barring a second suit, accordingly as the justice had
the legal right to render judgment with the one or the other
effect at the time. *Hess* v. *Beekman*, 11 *Johns. Rep.* 457. *El-
well* v. *M'Queen*, 10 *Wendell*, 519. These cases proceed on the
ground that, on given circumstances, the law directs a certain
judgment to be rendered ; and that it can not be varied by the
form of the entry. So in the case at bar, the law directed, on
this court being dissatisfied, that the *whole report* should be re-
ferred back. It was so referred back by the rule, and the subse-
quent words of confirmation could not change the legal effect.
Strictly the whole stood open. See per Lord *Ellenborough*, C.
J., in *Strachey* v. *Turley*, 11 *East*, 200.

The motion to discontinue is granted.