, MATTER OF LEXINGTON AVENUE.

*Streets — opening of — when report of commissioners will not be disturbed.*

In a motion to set aside, for fraudulent mistake in the report, the confirmation
of a report of commissioners for opening a street, it appeared that no objec-
tions were filed to the report by the moving party before confirmation,
although an opportunity existed therefor, and that the order of confirmation
was made January 30, and the proceedings to set aside were not initiated
until June 12 thereafter. *Held*, that the confirmation could not be disturbed ·
except for fraud.

APPEAL from an order at special term, denying a motion to set
aside an order confirming the report of the commissioners for open-
ing Lexington avenue, in the city of New York, from Sixty-first
street to Harlem river.

The application was made by Salmon S. Stevens, the owner of
three lots on the north side of One Hundred and Eighth street,
which were taken for the improvement. The grounds of the appli-
cation were that he had been grossly wronged, either by the fraud
or mistake of the commissioners, in their report.

Lexington avenue, as laid out, is seventy-five feet wide, and runs
. through from One Hundred and Eighth to One Hundred and Ninth
street, and took six lots — three on the north side of the block
between One Hundred and Eighth and One Hundred and Ninth
streets, and three on the south side. The three lots on the south
side of the block belonged to Salmon S. Stevens, the moving party.
The three on the north side belonged to Terrence Farley.

The lots belonging to Stevens were appraised at $1,500 each, and
those belonging to Farley at $3,000 each. It was claimed on the
part of said Stevens that the lots belonging to him were worth not
less than $3,000 each, and that he produced evidence of that fact
before the commissioners; that he believed that the award was inten-
tionally made small by reason of an agreement between the commis-
sioners and the owners of other lots taken, and for which said com-
missioners received a large consideration; that said Stevens and his
attorneys were obstructed in obtaining access to the books of the
commissioners, so that he was unable to ascertain the. amount of
the award. These statements were denied by numerous affidavits
on the part of the commissioners.

The motion was denied at special term, Mr. Justice DAVIS holding as follows :

"In my opinion, the application comes too late. The moving party should not have permitted the proceedings to have gone on to their present state before taking steps to correct the alleged error. Public policy requires that the confirmation should not be disturbed when assessments have been collected, and both the city and citizens put in relations where their rights must be seriously affected and prejudiced by disturbing the confirmation."

Such other facts as are material appear in the opinion.

DONOHUE, J. The duties of the commissioners in the matter of the above opening was so far completed, that on the 23d of September, 1873, they gave notice as prescribed by law, to all persons interested, to file their objections, if any, and that the notice reached all parties who were entitled to notice, appears by the evidence on the motion. Objections were filed by certain parties, but not by those now moving, and the hearing of the objections continued until the 20th of January, 1874. The report had been noticed in due form for confirmation on the 20th of November, 1873, but had been adjourned until the 30th of January, 1874, when in open court, no one objecting, but many of the property owners urging it, the report was confirmed.

On the 12th day of June, 1874, these proceedings were initiated to vacate or set aside the order of confirmation. The motion was heard by his Honor, Judge DAVIS, and after a full consideration of the proof submitted, denied.

It is clear both from the statute (Chapter 86, Laws of 1813, § 178) and the decisions, (*Matter of Central Park*, 41 How. 12; S. C., 50 N. Y. 493 ; *Matter of Anthony Street*, 20·Wend. 618 ; *Mayor of N. Y. v. Erben*, 38 N. Y. 311 ; *Matter of Central Park*, 35 How. 256 ; *Matter of Canal and Walker Streets*, 12 N. Y. 406, and numerous other cases), that the confirmation cannot be disturbed except for fraud.

It being clear that as far as the merits are concerned, and in the absence of fraud, the applicant is not entitled to the relief sought ; the next question is, is there any fraud proved in this case ? On a fair construction and consideration of the evidence, it seems to us that there is no fraud or want of fairness shown in the transaction ; all the moving party's statements tending to show this are

emphatically denied, and all reasonable inferences from the undisputed facts seem to confirm the denial. It is extraordinary to ask the court to hold that while all others were being allowed the right to see and examine the report that these parties alone were deprived of that right intentionally. No ground is shown for any such action. Again, it is asking too much to set aside this report, when all parties interested, the moving party included, had the means of knowing that the confirmation of the report was noticed for hearing, and on application to the court without notice on any of the adjourned days an opportunity would, by order, be given to the party aggrieved to see the report. And in addition to this, the applicant asks after waiting from January to June, after the confirmation of the report, and when titles had been passed, and sales made, arrears paid on the assessment and result arrived at in the report, to set aside all this because he has not used proper diligence in protecting himself. We think he is not only not entitled to the relief, but makes no case whatever. Chapter 209, Laws of 1839. *Matter of Canal and Walker Streets*, 12 Wend. 292.

On the mere question of value on which most of his argument is based, if the report was now here for review, it does not seem to us there is evidence on which, within the authorities, it could be disturbed. *Matter of Canal and Walker Streets*, 19 Wend. 678 ; *Matter of Central Park*, 35 How. 255.

*Order affirmed.*