DAVID C. CARLETON, Appellant, *v.* THOMAS DARCY et al., Respondents.

It is in the discretion of the court whether to grant or refuse an application for leave to discontinue an action on payment of costs.

There is no valid discontinuance without an order of the court, and while, as a general rule, plaintiff may, on payment of costs, enter an order of discontinuance, give notice thereof and the cause is thereby discontinued, yet the court has the right to control the order; and where circumstances exist making a discontinuance without terms inequitable, the court may refuse it altogether or except on terms, and may open an order entered *ex parte.*

Plaintiff recovered judgment in an action of ejectment and was put in possession of the premises; defendant paid the costs and took a new trial under the statute, thereupon plaintiff, still retaining possession, moved for leave to discontinue on payment of costs. *Held,* that in denying the motion the court below did not exceed its discretion.

(Argued November 26, 1878; decided December 3, 1878.)

APPEAL from order of the General Term of the Superior Court of the city of New York, affirming an order of Special Term, denying a motion on the part of plaintiff for leave to discontinue the action on payment of costs. (Reported below, 11 J. & S., 373.)

The facts appear sufficiently in the opinion.

*H. B. Philbrook*, for appellant. Plaintiff had a right to discontinue his suit at any time before judgment. (1 Abb., 46; 18 Barb., 595; 13 How., 258; 25 id., 500; 7 Abb. [N. S.], 37; 11 Hun, 286; 10 id., 120.)

*T. B. Clarkson*, for respondents. Plaintiff was not entitled as matter of right to discontinue his suit on payment of costs. (*Young* v. *Bush*, 36 How. Pr., 240–242; *Wilder* v. *Boynton*, 66 Barb., 547; *De Barante* v. *Deyermand*, 41 N. Y., 355; *Cockle* v. *Underwood*, 3 Duer, 676, 678, 680; *Leslie* v. *Leslie*, 10 Abb. Pr. [N. S.], 64–67; *Campbell* v. *Campbell*, 12 Hun, 636; *Livermore* v. *Bainbridge*, 43 How. Pr., 272–274; *Tubbs* v. *Hall*, 12 Abb. Pr. [N. S.], 237; *Van Allen* v. *Schermerhorn*, 14 How. Pr., 287; *Geenia* v. *Keat*, 66 Barb., 245; *Wilson* v. *Wheeler*, 6 How. Pr., 49.)

If the defendant is not entitled as matter of right to discontinue on payment of costs then the order refusing leave to do so is not appealable. (Code of Civil Procedure, § 1347.) The discretion of the court as to the terms was properly exercised. (*Wilson* v. *Wheeler*, 6 How. Pr., 49–51; 3 R. S. [6th ed.], 576, § 34 [38]; id., 577, § 37 [41]; 2 Edms. ed., 318, § 38; id., 319, § 41.)

FOLGER, J. The plaintiff has seen fit to ask the court below for an order permitting him to discontinue his action, on the payment of costs to the defendants. That court has refused his request, and on appeal from the order he claims that he has the right, of his own head, to discontinue his action on those terms. But there is no valid discontinuance of an action without an order to that end. That order, whether *ex parte* or on motion, must be an order of the court, and as its order, within its control. It is true, as a general rule, that a plaintiff may, upon the payment of the costs of the defendant, enter an order of discontinuance of the action, and give notice thereof, and that the cause will be thereby discontinued. Yet the court has always kept and exercised the right to control such an order, as well as any other order put upon its records. And where circumstances have existed which have made it inequitable that the plaintiff should, of his own head and without terms, discontinue his action, they have refused his motion to do so altogether, or except on terms; or when he has entered an order *ex parte*, have opened it, and made it conform to what was proper under the circumstances. Thus the order has been refused where a counter-claim had been set up, against which the statute of limitations would be a bar, if the suit was discontinued; (*Van Alen* v. *Schermerhorn*, 14 How., 287;) or where the defendants had been examined as witnesses, unless the plaintiff would stipulate that the examination might be used in evidence in any action to be subsequently brought: *Cockle* v. *Underwood*, 3 Duer, 676; see, also, *Cooke* v. *Beach*, 25 How., 356.

So that the court, to which the motion for leave to discontinue was addressed, had a discretion, under all the circumstances of the case, whether or not to refuse it.

We do not think that it abused that discretion. The plaintiff had pursued his action of ejectment against a tenant, until the landlord had interposed and been made a defendant so that he might protect his own rights in the premises ; the plaintiff had recovered judgment in his action of ejectment, and had been put in possession of the lands ; the defendant had paid the costs and taken a new trial under the statute ; and then the plaintiff, still in possession, asks leave to discontinue his action. He got the fruit of his action, the whole fruit of it, the possession of the premises. By a discontinuance of his action, he would turn the defendants about to an action of ejectment against him, and lay on them the burden of showing a valid title, sufficient to support the action against him. Had he preferred not only to give up the action, but the substantial fruits of it which he had got, and to put the defendants, or either of them, into the possession that he had taken from them, he might not be required to prosecute an action which he wished to end, and to further continue litigation. But it is quite different when he has got all that his action could give him, and has put the defendants to the need of that further litigation which the law allows them, to maintain what they think is their right, for him then to discontinue his action and throw the burden of the affirmation of another issue upon the defendants. The court might well require him to pursue the action that he had commenced, until a definite and final result was reached in it, settling positively the right of possession of the lands in dispute.

We therefore think that the court below, in making the orders appealed from, did not abuse or exceed their discretion.

The appeal should be dismissed.

All concur.

Appeal dismissed.