By the Court. — Freedman, J.
Although a plaintiff may, in general, discontinue his action upon payment of costs as a matter of course at any time before judgment or decree, and notwithstanding a pending motion which has been ordered to stand over, yet there is no valid discontinuance of an action without an order to that end, and the court to which the motion for leave to discontinue is addressed, has a discretion, under all the circumstances of the case, whether or not to refuse it (Carleton v. Darcy, 75 N. Y. 375).
. The words “before judgment or decree ” mean before a determination has been reached. The plaintiff may, therefore, exercise his right during the trial or hearing. Perhaps he may even exercise it during the time the cause remains submitted and undecided. But *17 after verdict by jury or decision by the court the plaintiff is too late. From that time the defendant’s right to enter the appropriate formal judgment or decree becomes superior. Especially in equity cases the rule was formerly strictly observed that, ‘ ‘ if the issue has been tried and determined in favor of the defendant, the plaintiff cannot move to dismiss, because the defendant may have it set down on -the equity reserved, in order to obtain a formal dismissal of the bill, so as to enroll it as a final judgment, and thereby make it pleadable.”
The present action is for an accounting for an alleged partnership adventure. Issues were tried by a jury and determined in favor of the plaintiff, and thereupon the plaintiff proceeded to the final hearing. Finally, upon all the proofs, the court at special term, in an opinion filed, announced as its decision that the complaint should be dismissed on the merits, with costs. The court did not direct notice of settlement of findings. Defendant’s attorney, however, gave such notice, but before the findings could be settled, the plaintiff entered ex parte an order discontinuing the action upon payment of costs. The defendant moved at once on an affidavit stating the facts for a vacation of the order. The motion was granted, and from the order entered thereon the plaintiff appealed. As the plaintiff had had the full benefit of his special verdict, and had prosecuted the action until he ascertained authoritatively what the final determination was to be, the defendant’s right to the entry of the appropriate formal judgment had attached and was properly protected.
The order should be affirmed, with costs.
Speir, J., concurred.