Bradley, J.
On confirmation of report of commissioners appointed, pursuant to statute, to appraise the damages or compensation to owners, &c., of land sought to be acquired by a railroad company for the purposes of its i oad, the rights of the parties became so fixed that the company could not discontinue or abandon the proceedings until the right was given by Laws of 1876, chapter 198 (In re R. & C. R. R. Co., 67 N. Y., 242).
At any stage of the proceeding, prior to such confirmation, the company might do so, but this right was not absolute. The proceeding was in the court, and subject to its control in so far that it might deny or defeat the purpose to discontinue, and make it dependent on such conditions as to the court seemed reasonable. Hence it was usual to apply to the court for leave (In re Anthony Street, 20 Wendell, 618 ; In re Commissioners Washington Park, 56 N. Y., 144; In re Waverly Water-Works, 85 N. Y., 478; reversing 16 Hun, 57).
The reason and the rule in that respect are applicable alike to special proceedings and actions (Carleton agt. Darey, 75 N. Y., 375; Salmon agt. Gedney, id. 482; Brownell agt. Ruckman, 85 N. Y., 648). It follows that the motion was properly made by the company for leave to discontinue the proceeding, and it was within the legitimate power of the court in granting it to annex such terms to go with the favor as under the circumstances justice and fairness to the respondents required.
To reimburse them for their reasonable and proper expenses in the proceeding was evidently the purpose of the court, and we cannot say that the order in that respect was not a fair exercise of discretion.
The amount of the disbursements and counsel fees, as ascertained and reported by the referee, was a large per cent-age of the amount involved in the proceedings; but by the testimony taken by him it appears to have been incurred, and not unreasonably. The respondents, Hemingway & Go., had, as they believed, large and important interests involved, which *193 required and justified effort and expense, perhaps somewhat unusual.
While the provisions of the statute permitting extra allowance do not apply to special proceedings, and such allowance cannot be made under an order giving costs, in such case the limitation to those for similar services, &c., in actions controls (Code Civ. Pro., see. 3240; R. and S. R. R. Co. agt. Davis, 55 N. Y., 145), that restriction has no application on a motion for favor ( Waverly Water Works, 85 N. Y., 478; Brownell agt. Ruckman, Id., 648.)
The fact that at the time this motion was made the proceedings had not reached completion and no rights had vested under them in respect to the land or compensation, is not important for the purposes of the question here, nor is it important that the company might have entered an ex parte order of discontinuance without any application to the court, or do it by notice without order; if that be so (4 Hun, 313), that would not take from the court the power, upon motion, to assume control of the proceeding, and declare the discontinuance thus sought to be produced ineffectual, and restore it for the purposes of the proper protection of the other party to the proceeding (Carleton agt. Darcy, 75 N. Y., 375). The determination of Watson agt. New York, W. and B. Railway Company gave nothing new to the rule or practice in such cases. There the discretion exercised by the special term was sustained and its order affirmed (30 Hun, 649). Upon the notice of appeal, the appellant is permitted to bring up the intermediate order for review (Code of Civil Pro., see. 1358).
But it may be questionable whether, after voluntarily proceeding under the order of discontinuance upon the terms there prescribed, and of the reference, and taking the benefits of the order, the appellant has not waived the right to review that order (Arbsdell agt. Root, 3 Abb., 142; Radway agt. Graham, 4 Abb., 468 ; People agt. R. & S. L. R. R. Co., 15 Hun, 188; Strong agt. Jones, 25 Hun, 319).
In the view taken of the case it is unnecessary to determine *194 that question and we do not give it consideration. The intermediate orders are within the properly exercised discretion of the special term; and the order confirming the report of the referee should be affirmed, with ten dollars costs and disbursements.
All concur.