## COURT OF APPEALS.

### In re BUTLER agt. JARVIS, Jr.

*Actions—Discontinuance of—Right of plaintiff to discontinue.*

Where an action was begun in the court of common pleas by plaintiff as ancillary administrator of a lunatic, against the committee of such lunatic for an accounting, and before trial entered an *ex parte* order of discontinuance on payment of costs, which was vacated by the court, and a motion to discontinue also denied, on the ground that the plaintiff intended to commence an action in the supreme court, and would harass defendant:

*Held,* error; that, ordinarily, a suitor has a right to discontinue any action or proceeding commenced by him, and his reasons for so doing are of no concern to the court.

*Decided, January*, 1886.

*H. W. Bookstaver*, for respondent.

*Stephen A. Walker*, for appellant.

FINCH, *J.*— Ordinarily, a suitor has a right to discontinue any action or proceeding commenced by him, and his reasons for so doing are of no concern to the court. A party should no more be ·compelled to continue a litigation than to commence one, except where substantial rights of other parties have accrued, and injustice will be done to them by permitting the discontinuance. In such a case, through the control which the court exercises over the entry of its order, there is discretion to refuse; but where there are no such facts, and nothing appears to show a violation of the right or interest of the adverse party, the plaintiff may discontinue, and a refusal of leave becomes merely arbitrary, and without any basis upon which discretion can exist (*In re Anthony St.*, 20 *Wend.*, 618; *Carleton* agt. *Darcy*, 75 *N. Y.*, 377).

In this case the defendant was appointed by the court of

common pleas, on July 20, 1870, committee of Bomanjee Byramjee Colah, a lunatic, and took possession of his property. Up to the death of Colah, that court retained exclusive jurisdiction over the committee and the estate in his hands. But the lunatic, whose place of residence was in Bombay, died while in New York and under the ward of the court, and the appellant was duly appointed ancillary administrator of his estate. As such administrator, he commenced, in December, 1882, a proceeding by petition in the common pleas to settle the accounts of the committee, and obtain the property remaining. This proceeding went so far as the entry of an order of reference, but no further proceedings were ever taken under it. At this point the administrator entered, *ex parte*, an order of discontinuance on payment of costs, which was vacated by the court, and thereupon, moving for leave to discontinue, his request was refused. We can discover no reason for the refusal upon which discretion could operate. Two only are suggested. It is shown that, after the entry of the first order, the administrator began an action in the supreme court to settle the accounts, and it is said that the latter court had no jurisdiction, and that the control of the common pleas survived the death of the lunatic, and the termination of the committee's office (*Code Civil Proc.*, sec. 2320). That is a question of law. The administrator had a right to raise it, and could only do so by bringing his action in another court. By that process it may properly come before us if necessity should require it, but it has no place on a motion to discontinue. If the opinion of the common pleas on that question of law furnished a basis for the exercise of discretion, the administrator cannot bring the question into the court for decision. It ought not to be decided on a mere motion for leave to discontinue, and should have been left to some suitable occasion. It is further said that the new action " harasses " the defendant unnecessarily. We cannot see how. All costs of the discontinued proceedings are to be paid, and have been tendered. The defendant acquired no new rights. He is left precisely in the position he would have

been in if the proceeding in the common pleas had never been·
commenced, and the action in the supreme court alone had been
brought. Would that action have unnecessarily "harassed"
him? We can see no just basis for the refusal of leave to
discontinue upon which any discretion was called into exercise
or could operate.

The orders of the special and general terms should be re-·
versed and the motion for leave to discontinue should be:
granted. No costs are allowed on this appeal.

All concur, except MILLER, J., absent.