CHARLES E. HEQUEMBOURG, APPELLANT, *v.* WILLIAM BOOKSTAVER AND OTHERS, RESPONDENTS.

*Costs — when several municipal officers similarly affected should appear by but one attorney and are entitled to but one bill of costs.*

In an action brought to procure a judgment to the effect that chapter 29 of the Laws of 1888, relating to the construction of an electric-light plant in the city of Dunkirk, was unconstitutional, the mayor of the city of Dunkirk, the members of the common council, the water commissioners of that city, under whose control the electric-light plant was placed by the provisions of said act of 1888, and the city itself, were all made parties defendant. The several defendants, the mayor, the members of the common council, the city and the water commissioners, having separately appeared in the action, on an application by the plaintiff for leave to discontinue the action, an allowance was made to each of four counsel of the costs of the action.

*Held,* that it was the duty of the attorney of the city of Dunkirk to appear for the mayor and the members of the common council, as well as for the corporation itself, whose interests were not in any way hostile to each other, and that but one general bill of costs should have been allowed to these several defendants.

That there was a propriety in the separate appearance of the defendants, constituting the board of water commissioners, as it had been the custom of that body to be represented in all public matters by its separate attorney, and that a separate and further bill of costs should be allowed to the board of water commissioners.

APPEAL by the plaintiff from that portion only of an order made at the Erie Special Term, and entered in the Chautauqua county clerk's office May 4, 1889, which imposed the payment of four bills of costs upon the plaintiff as a condition of his discontinuing this action.

The mayor appeared separately by counsel, as did also the city, the members of the common council and the members of the board of water commissioners.

*John G. Milburn,* for the plaintiff, appellant.

*Walter D. Holt,* for the city of Dunkirk, defendant, respondent.

*Walter W. Holt,* for William Bookstaver, mayor, etc., respondent.

*Stearns & Kingsley,* for Flahaven and others, members of the common council, respondents.

*Charles D. Murray,* for Coleman and others, water-works commissioners, respondents.

MACOMBER, J.:

If there was proper occasion for the separate appearances of these defendants, respectively, the allowance to each of them of the costs of the action must be upheld. If, on the contrary, there is but one class of defendants representing the city of Dunkirk, all the defendants being engaged in one common public purpose, there was no occasion for them to appear separately in the action, and, consequently, there was no warrant of authority for an allowance to them, in the exercise of the sound discretion of the court, of a separate bill of costs upon the voluntary discontinuance of the action by the plaintiff.

The object of the action, as disclosed by the complaint, was to procure a judgment of the courts that chapter 29 of the Laws of 1888, not having received the governor's signature within ten days from the time that it was received by him from the legislature, never, in truth and in fact, became a law, and that the same was unconstitutional. The object of the act was the construction of an electric-light plant in the city of Dunkirk to supply private consumers as well as the streets and public buildings. By its terms the operation of the electric-light plant was placed upon the board of water-commissioners, which body, the complaint alleges, was not legally organized and was incapable of receiving from the legislature such a public duty.

The defendant, William Bookstaver, is the mayor of the city of Dunkirk; Charles J. Flahaven, Cornelius Stumm, Byron Rathbun, S. M. Smith, Michael J. O'Donnell, Thomas C. Jones, Patrick Higgins and Harry J. Gibbbs, Jr., are members of the common council of such city. The defendants William T. Coleman, John Maddigan, George Abell, Louis Heyle, M. L. Hinman, John S. Beggs and Julian T. Williams, are the water-works commissioners of said city, with the mayor as an *ex-officio* member of such board.

The city, by name, is also made a party defendant. The single purpose of the plaintiff, as disclosed by the complaint, was to obtain a judgment of this court declaring the act above mentioned inoperative and unconstitutional. It affected one general public interest, and that was the interest of the inhabitants of the city of Dunkirk. The city by its corporate name was a proper party. It appeared by its official attorney. It was well and, perhaps, prudent to make the members of the common council of that city parties, also individually, as it was also the members of the board of the water commissioners, yet no relief was asked against any one of those gentlemen. The sole relief was directed against the corporation known as the city of Dunkirk, represented by these several public officers. The city attorney of that town clearly represented and it was his duty to appear for the mayor and the common council as well as for the corporation itself. He had no right to delegate his powers to any other person, for there was no clashing of interests between the corporation, the common council and the mayor, but all were engaged in one common purpose, to establish an electric-light plant for public

and private purposes in that city. All of these persons being public bodies, sued as such, and no relief being sought against them personally, should have appeared by one attorney, and that, too, by the person designated by law to act for the general interests of the municipality.

The affidavit of Mr. Murray, however, in behalf of the bill of costs in favor of the water works commissioners, presents a slightly different question. It is there conclusively shown by him that this corporation, the names of whose trustees appear as defendants, has, by the course and practice of the city itself from its incorporation, been represented in all public matters by its separate attorney, that it has, at different times, held interests which might grow into matters antagonistic to the city itself, and hence the propriety of separate representation by attorney. It is not clear, therefore, that the city attorney, in this instance, should have appeared for this corporation, nor is it clear that he had the right so to appear.

It is seen, therefore, that, while all the defendants when named individually are joined on account of their public relations to the city, there was a propriety in the separate appearance of those constituting the board of water commissioners. Undoubtedly, as the case has turned out, it would have been equally safe for those gentlemen to have appeared by the city attorney, yet such has not been the custom of that body, and we are not prepared to say that it was incumbent upon that board to employ the city attorney in this instance. It follows, therefore, that the allowance for a separate bill of costs to the board of water commissioners was not improper. The allowance to the other defendants, except one general bill to the attorney for the city of Dunkirk, does not seem to us to have been justified by the nature of the action and the relief sought for the reason that they had no occasion to appear by attorney. In this respect we follow, as we believe, a precedent set by the Court of Appeals in this case by which they permitted the plaintiff to discontinue his appeal in that court upon the payment of two bills of costs.

From these considerations it follows that the order appealed from should be modified in the particulars named in this opinion, and in all other respects affirmed.

DWIGHT, J., concurred; BARKER, P. J., not sitting.

Order modified as indicated in the opinion of MACOMBER, J.