GEORGE D. SWEETSER *et al.*, Respondents, *v.* ADAM B. SMITH *et al.*, Appellants.

*Supreme Court, Third Department, General Term, December 11, 1889.*

*Discontinuance. Terms.*—Where an injunction has been procured, whereby some injury has probably been caused to defendant, the court should not permit plaintiff to discontinue the action, without awarding costs and making provision for the assessment of damages.

Appeal from order granting plaintiffs' motion to discontinue without costs.

*E. T. Brackett,* for appellants.

*J. S. L'Amoreaux,* for respondents.

LEARNED, P. J.—On the 10th of December, 1888, the Smiths, defendants, executed a general assignment. Shortly before they confessed several judgments and executed several chattel mortgages.

The plaintiffs, claiming to be simple contract creditors of the Smiths, brought this action to have the assignment and these judgments and mortgages declared void, principally on the ground that the proceedings as a whole violated the statute against preferences. They claimed to be creditors, first, for goods sold; second, as holders of two notes of the Smiths.

About December 12, 1888, the plaintiffs, learning of the alleged fraud, repudiated the sale of goods which they had made and replevied the same.

They obtained an injunction in this action against defendants. On a motion to continue, January 13, 1889, it was held that having repudiated the sale of goods the plaintiffs

were no longer creditors for the price. But that the injunction should be continued, as they were creditors on the two notes. The injunction order was reversed by the general term.

Before the commencement of this action those notes had been transferred by plaintiffs and the same did not belong to them at the commencement of the action and have never belonged to them since.

These two notes were secured by a mortgage given by the Smiths, December 10, 1888, to the endorser of one of the notes ; which mortgage was one of those which the plaintiffs in this action attack.

A receiver was appointed and the property was sold and the avails were to await the decision of the court. Such avails appear to be still in his hands.

A demurrer was interposed by some defendants and was overruled. An appeal from the order overruling is pending. The other defendants have answered.

The plaintiffs say that the two notes, as they are informed, have been paid. It does not appear whether or not they were paid by the endorsers, nor is it averred that they were paid to plaintiff. Each of the notes had an endorser who, as above stated, was secured by one of the mortgages.

The plaintiffs obtained leave to discontinue without costs. The defendants appeal.

Of course the question is largely one of discretion in the special term. But there are some considerations which we think must have been overlooked.

This is not a case of diligence between creditors in which plaintiffs have failed. They were not creditors. Having repudiated the sale of goods, they were no longer creditors for the price. Having assigned the two notes, they were not creditors for the notes. And besides these very notes which plaintiffs had thus assigned had been secured by one of these chattel mortgages to an endorser which the plaintiffs were by this action attempting to set aside. Now whether

that mortgage under the circumstances was valid or not, it did not injure the plaintiffs. In fact it benefited them, as it tended to secure them against liability on their subsequent endorsement of the notes. So that we have the anomalous position of plaintiffs who are not creditors of the assignor bringing an action to set aside mortgages which do not injure them, and one of which is for their indirect benefit. And the plaintiffs knew at the commencement of the action that they did not own the notes, and, at the continuance of the injunction, that they were not creditors on the sale of the goods. They claim now that as the notes have been paid, they have ceased to be creditors. But they were not creditors when they began the action. And it does not appear how the notes have since been paid. It may be under the very mortgage they seek to set aside.

Futhermore, the accounts of the receiver have not been passed.

Again, when a plaintiff has obtained an injunction, and thus has caused probably some injury to the defendant, we think that the court should be cautious in permitting a discontinuance without costs. In this very case the injunction probably led to the necessity of appointing a receiver, and hence to the loss occasioned by his fees and expenses.

Again, the discontinuance is not a final determination that plaintiff was not entitled to the injunction. Johnson *v.* Elwood, 82 N. Y. 362; Palmer *v.* Foley, 71 Id. 106; Prefontaine *v.* Richards, 47 Hun, 418. Therefore to permit plaintiff to discontinue would deprive defendant of remedy on the undertaking. It seems to follow that the plaintiffs were without legal excuse for their action, and hence should not escape from it without costs. The learned judge below seemed to think that the circumstances were such as to entitle the plaintiffs to the sympathy of the court in their hard fortune. We are willing to endorse his view so far as to limit the costs to a single bill, without expansion for extra allowance. But the plaintiffs ought not

to be relieved from the undertaking they gave in order to procure the injunction. And to remove any doubt as to the defendants' right to a remedy upon the undertaking, the order of discontinuance should embrace an order deciding that the plaintiffs were not entitled to the injunction, and also appointing a referee to ascertain the defendants' damages. As the receiver's proceedings should not be prejudiced by the discontinuance, and his accounts should be settled, the order should contain a provision that the same referee settle and pass his accounts. The defendants should have costs of this appeal.

To give effect to the above views our order is : Order reversed with costs, unless the plaintiffs shall within ten days after service of a copy of this order stipulate to a modification of the order appealed from, in accordance with the opinion, in which case the order appealed from is modified accordingly. The modified order to be settled by LANDON, J., and to stand as the final order upon this appeal.

LANDON, J., concurs ; PUTNAM, J., not acting.

NOTE ON " TERMS OF DISCONTINUANCE OF ACTION."

The plaintiff may discontinue at any time on the payment of taxable costs. Cohn v. Anathan, 24 N. Y. St. Rep. 295.

The county court cannot in an action at law to recover money only, permit a discontinuance thereof on payment of motion-costs only. Claflin v. Robertson, 52 Hun, 612.

The plaintiff's claim to property, on discontinuance of an action of replevin, is abandoned, unless otherwise provided in the stipulation. Rosenberg v. Flack, 57 Hun, 587.

The facts in this case, were held to entitle plaintiff to a vacation of the discontinuance of such action and to bring in as a party the claimant of the property. Id.

An action by a stockholder against the trustees for a malfeasance may be settled and discontinued without notice to the receiver, though a party defendant. Beadleston v. Alley, 55 Hun, 605.

The courts in matrimonial actions, by reason of the public interest therein, are vested with a wider discretion in the control of the procedure than in ordinary cases, and may refuse to permit the plaintiffs to discontinue even upon term. Winans v. Winans, 124 N. Y. 140.

Note on " Terms of Discontinuance of Action."

The discontinuance of a proceeding under the statute to establish a claim against the estate of a decedent will only be permitted on payment of costs. Agar *v.* Tibbets, 56 Hun, 272. This is so, although the court of appeals, by a decision rendered since the commencement of the proceeding, has made it impracticable to continue it. Id.

A proceeding under the statute in relation to disputed claims against an estate cannot be discontinued except upon payment of costs. Clossey *v.* Ayers, 63 Hun, 624.

It is improper for the court, where a city, its mayor and common council have without necessity appeared separately, in an action against them all for a single and common purpose, to allow separate bills of costs as a condition to a discontinuance. Hequembourg *v.* Bookstaver, 54 Hun, 88.

Where a plaintiff, after bringing an action against a number of defendants in the county court, is obliged to discontinue because certain new parties, required to be brought in, are non-residents of the county, an order permitting such discontinuance upon the payment of one bill of costs is a proper exercise of the discretion of court. Exstein *v.* Robertson, 17 Civ. Pro. 23.

The plaintiff will not be allowed to discontinue without costs as to a defendant upon whom he had omitted to serve a notice of no personal claim, under § 429 of the Code. Wohltman *v.* Goff, 15 Civ. Pro. 39.

Where a judgment in favor of the plaintiff is reversed by the court of appeals and a new trial granted, with costs to abide the event, the plaintiff may properly be required to pay such costs and an extra allowance as a condition of permitting him to discontinue. Jaffray *v.* Goldstone, 62 Hun, 52.

Where an action was brought to restrain the defendant from interfering with a fence plaintiff had erected across what he claimed to be his private road, and the answer alleged that the road was a public highway and asked an injunction to restrain plaintiff from building a fence at that place, a discontinuance of the action should not be allowed except upon stipulation not to deprive the defendants of access to the road. Iselin *v.* Smith, 62 Hun, 221.

The plaintiff can discontinue the action, on payment of costs, where no affirmative relief is sought by the defendant. Exstein *v.* Robertson, 52 Hun, 612.

Such order will not be disturbed where the discretion of the court has been properly exercised. Id.

A plaintiff may at any time discontinue his action upon payment of costs, though the defendant has pleaded a counterclaim. Felix *v.* Van Slooten, 43 N. Y. St. Rep. 791.

An application by a non-resident plaintiff, made after counterclaims have been interposed, for leave to discontinue on the ground that it had been discovered that it was necessary to examine a large number of witnesses by commission, and for the purpose of avoiding the labor and expense of so doing, is properly denied by the court, though plaintiff's attorney agrees

to stipulate that his client will bring another action, to which such counterclaims may be interposed. Washington G. Co. *v.* Benjamin, 62 Hun, 622. It did not appear that the attorney had authority to bind the plaintiff in this manner. Id.

Applications of this description are addressed wholly to the discretion of the court. Id. And it is to be determined by the facts, which are made to appear, whether that discretion can be justly and reasonably exercised in favor of the plaintiff in an action of this description. Id.; Geenia *v.* Keah, 66 Barb. 245; Wilder *v.* Boynton, 63 Id. 547; Campbell *v.* Campbell, 54 How. 115; Bowe *v.* Knick. L. Ins. Co.; 27 Hun, 312; Carleton *v.* Darcy, 75 N. Y. 375.