(75 App. Div. 509.)

### In re LARNER.

### LARNER v. GOODWIN et al.

(Supreme Court, Appellate Division, First Department. November 7, 1902.)

1. VOLUNTARY DISMISSAL—MATTER OF RIGHT.

Where one who was adjudged to be an incompetent and ordered to be confined applied for release and discharge of her committee, she could not, after verdict against her, demand a discontinuance as a matter of right, before a final order was entered.

Appeal from special term, New York county.

In the matter of the application of Alma Louise Larner for a discharge from judicial confinement. From an order denying applicant's motion for leave to discontinue the proceedings, she appeals. Affirmed.

See 74 N. Y. Supp. 70.

Argued before VAN BRUNT, P. J., and O'BRIEN, McLAUGHLIN, and LAUGHLIN, JJ.

William W. MacFarland, for appellant.
Charles Blandy, for respondent.

McLAUGHLIN, J. On the 18th of May, 1900, the appellant was, in proceedings instituted for that purpose, adjudged to be incompetent, by reason of an excessive use of alcoholic stimulants, to manage her person and estate, and committees were appointed thereof. In February following she instituted this proceeding to have the committee of her person discharged, upon the ground that she had recovered her health and was competent to take care of herself. The motion was opposed by the committee, and the learned justice sitting at special term sent the issues raised to a jury for trial, and directed that, upon the verdict rendered, either party might apply to the court for a final order in the proceeding. After a trial had been had before a jury, and a verdict rendered which was adverse to the appellant, she applied, before a final order had been entered, for leave to discontinue the proceedings. Her application was denied, and she has appealed.

As a general rule, a party has a right to discontinue an action or proceeding commenced, upon such terms as to the court may seem just, when such discontinuance does not injure or impair the rights of the opposing party. In re Butler, 101 N. Y. 307, 4 N. E. 518.

But when a party has subjected himself to the jurisdiction of the court, and the court has passed upon the issues raised, then it is for the court to say, in the exercise of its discretion, whether or not it will permit a discontinuance. Here the court exercised its discretion, and in doing so, we think, properly denied the appellant's application. She did not ask to discontinue the proceeding until after the rendition of the verdict by the jury, and then, manifestly, only because it was adverse to her. Having invoked the jurisdiction of the court, and subjected the committee to the expense of trying the issues raised, she could not insist, as a matter of right, that the proceedings should be discontinued before a final order had been made therein.

The order appealed from, therefore, must be affirmed, with $10 costs and disbursements. All concur.