NICHOLAS WEBER and Others, Plaintiffs, *v.* WILLIAM B. WARD and Others, Defendants.

WILLIAM DEININGER and Others, Plaintiffs, *v.* WILLIAM B. WARD and Others, Defendants.

Supreme Court, Westchester County, March, 1927.

**Dismissal and nonsuit — voluntary — new party plaintiff added on his own motion — original plaintiffs may discontinue.**

Original plaintiffs in actions, who do not desire to associate with or to continue said actions with another plaintiff who was made a party on his own motion, may discontinue the actions where the defendants have no objection and no affirmative rights are pleaded that would prejudice the defendants upon the discontinuance by the original plaintiffs.

MOTIONS by certain plaintiffs for decree to discontinue as to them.

*Strang & Taylor,* for the plaintiff Clarence H. Venner.

*Rabenold & Scribner,* for all plaintiffs, except Venner.

*Ralph S. Kent* [*Isaac N. Mills* of counsel], for the defendant William B. Ward.

*Simpson, Thacher & Bartlett* [*Louis Connick* and *Ralph E. Patterson* of counsel], for General Baking Corporation.

*Rushmore, Bisbee & Stern* [*Henry R. Barrett* of counsel], for Chase National Bank.

MORSCHAUSER, J. When these actions were originally commenced Clarence H. Venner was not a party plaintiff. Upon his application and by order of the court he was permitted to become one of the plaintiffs in each action. The actions are now at issue.

It was evident on the hearing of these motions that the original plaintiffs Deininger, Kolb and Weber do not desire to associate with or continue the actions with Mr. Venner as a plaintiff. They ask that they be permitted to withdraw and discontinue the actions as to them, allowing Mr. Venner to continue alone as party plaintiff. Defendants have no objection and join in the motion.

Mr. Venner objects and requests that they continue with him as parties plaintiff in these actions.

In the answers no affirmative rights are pleaded, set up or claimed by the defendants that would prejudice the rights of the defendants if these plaintiffs are permitted to withdraw or discontinue so far as they are concerned. These plaintiffs have the absolute right to discontinue the respective actions and their reasons for concluding to discontinue are not subject to review or criticism by the court. If the actions were sought to be discontinued entirely, perhaps a different question might arise.

I believe the plaintiffs are within their legal rights to discontinue these actions so far as they are concerned and allow Mr. Venner to continue the actions.

In *Matter of Butler* (101 N. Y. 307, 309) the court said: " Ordinarily, a suitor has a right to discontinue any action or proceeding commenced by him, and his reasons for so doing are of no concern to the court. A party should no more be compelled to continue a litigation than to commence one, except where substantial rights of other parties have accrued, and injustice will be done to them by permitting the discontinuance. In such a case, through the control which the court exercises over the entry of its order, there is discretion to refuse; but where there are no such facts, and nothing appears to show a violation of the right or interest of the adverse party, the plaintiff may discontinue, and a refusal of leave becomes merely arbitrary and without any basis upon which discretion can exist." (Citing *Matter of Anthony Street*, 20 Wend. 618; *Carleton* v. *Darcy*, 75 N. Y. 375, 377.)

In *Matter of Waverly Water-Works Co.* (85 N. Y. 478, 482) the court applied the rule to permit a water company to discontinue a condemnation proceeding after the report of commissioners appraising the damages, the court imposing as a condition that the water company pay the landowner his expenses in defending.

In *Hirshfeld* v. *Fitzgerald* (157 N. Y. 166, 180) the court said: " Does the plaintiff, in bringing a representative action, become a trustee for the other creditors? We think not; at least to such an extent as to require him to carry on the litigation for their interests in opposition to his own, or after he has settled his claim." In the opinion of Judge HAIGHT many authorities both English and American are discussed.

In *Nosrep Corporation* v. *Clinton Securities Corporation* (193 App. Div. 878, 879) the court said: " The practice of the plaintiff was proper, and as a rule the plaintiff was entitled as, of course, to the order of discontinuance without costs. (*Trow Printing, etc., Co.* v. *New York Book-Binding Co.*, 16 Civ. Proc. Rep. 122,

and cases cited; Milliman's Law of Costs, 78, 79.) That is, the court had no basis for the exercise of discretion to deny the order, unless substantial rights had accrued and injustice had been done. (*Matter of Butler*, 101 N. Y. 307.) "

In *Valentine* v. *Valentine* (134 App. Div. 664, 665) the court said: " The defendant says that she wants to try the issues on the merits, but a defendant cannot compel a plaintiff to litigate against his will merely for the satisfaction of winning after a trial. If the plaintiff does not wish to prosecute his action the defendant cannot require him to do so."

In *Walsh* v. *Walsh* (33 App. Div. 579, 581): " ' Ordinarily,' say the court in *Matter of Butler* (101 N. Y. 307), ' a suitor has a right to discontinue any action or proceeding commenced by him, and his reasons for so doing are of no concern to the court. *  *  * ' "

In *Schlegel* v. *Roman Catholic Church, etc.* (124 App. Div. 502) the court held that, as no interest of the defendant was changed, the court could not impose any conditions of discontinuance beyond taxable costs.

In *Telephonine Co.* v. *Douthitt* (115 App. Div. 362, 364) the court said: " With the motive of the plaintiff for wishing to discontinue the action the court has nothing to do."

In *Rosen* v. *981 Union Avenue Corp.* (112 Misc. 492) the court held that the plaintiff was entitled to discontinue the action at any time before final submission to the jury, provided no substantial rights of the defendant or a third party have intervened and that a tender of costs was not necessary upon such a motion.

In *Brinckerhoff* v. *Bostwick* (99 N. Y. 185, 194) the court held in effect that after judgment in a representative action, the plaintiff cannot discontinue as the judgment inures to the benefit of all the stockholders; but that before judgment the plaintiff can discontinue.

In *Gentilala* v. *Fay Taxicabs, Inc.* (214 App. Div. 255, 258) the court held that the plaintiff could discontinue another action at the trial, although one of the defenses was the pendency of that former action.

In *Winans* v. *Winans* (124 N. Y. 140, 144) the court held that in a matrimonial action, where the case had gone to a reference and public policy demanded that the status of the parties be determined, the court might deny a motion to discontinue.

In *Matter of Larner* (75 App. Div. 509), in a proceeding by an incompetent to discharge her committee, the motion to discontinue was denied where made after the adverse verdict of the jury and before the entry of the final order.

In *Jermyn* v. *Searing* (139 App. Div. 116) and *Janssen* v. *Whit-*

*lock* (58 id. 367) the motions to discontinue were denied where there was a counterclaim interposed.

The learned counsel for Mr. Venner relies upon the case of *Belmont Nail Co.* v. *Columbia Iron & Steel Co.* (U. S. C. C. [Penn.] REED, J., 46 Fed. 336). That was a creditors' action to impound and distribute the debtor's estate among all the creditors. Upon plaintiff's motion a receiver had been appointed by a decree, and thereafter application was made to discontinue the case generally, and it was denied. The court said: " Where a plaintiff sues on behalf of himself and all other persons of the same class, although he acts on his own mere motion, and retains the absolute dominion of the suit until the decree, and may dismiss the bill at his pleasure, yet after a decree he cannot by his conduct deprive others of the same class of the benefit of a decree, if they think fit to prosecute it."

In the *Hirshfeld Case* (*supra*) the *Belmont* case was cited and (at p. 183) the court said: " The case of *Belmont Nail Co.* v. *C. I. & S. Co.* (46 Fed. Rep. 336) we do not regard as in conflict with our own or the English authorities."

The motions in each action should be granted and leaving Mr. Venner, the intervening plaintiff, if he chooses, to continue the litigation. If he elects to continue the injunction in the Weber case, a new undertaking should be filed by him to replace the one heretofore given herein, and the same should be in the same amount, for $100,000.

The injunction against the Chase National Bank should be vacated.