EDWARD E. WILLIAMS, as Treasurer of AMERICAN OPTICAL COMPANY, a Voluntary Association Organized under the Laws of the Commonwealth of Massachusetts, Plaintiff, *v.* ARTCRAFT OPTICAL COMPANY, INC., Defendant.

Supreme Court, Monroe County, March 25, 1941.

*Lehrich & Lehrich* [*Henry Lehrich* of counsel], for the plaintiff.

*Harris, Beach, Folger, Bacon & Keating* [*Kenneth B. Keating* of counsel], for the defendant.

LAPHAM, J. This is a motion by the plaintiff for permission to discontinue this action upon the payment of taxable costs and disbursements.

The plaintiff seeks to recover from the defendant royalties and damages under a licensing agreement. The action was commenced

in October, 1940, and issue was joined by the service of the answer on November fourteenth of the same year. No counterclaim was interposed in the answer.

The venue was originally laid in New York county, but on the application of the defendant the place of trial was changed to Monroe county on December 13, 1940, on the ground that the plaintiff was a non-resident and that the county where the defendant resided or had its principal office for business was the proper county for the trial of the action. On January 21, 1941, the defendant moved to compel the plaintiff to give security for costs and a note of issue for the Trial Term for Monroe county convening on February 3, 1941, was filed and served.

On the oral argument counsel for the plaintiff declared with admirable candor that his purpose in discontinuing the action was not to drop it altogether but to begin anew in a more favorable forum where he would be assured of the presence of a non-resident witness whom he regards as vital to the success of his case. There is no room for subterfuge in the face of this frank avowal.

The plaintiff urges with great vigor his contention that a suitor can discontinue an action as a matter of right, with certain exceptions, upon the payment of taxable costs and disbursements, and that the discretion of the court must be held in abeyance when an application for a discontinuance is made. These exceptions he summarizes as cases where the defendant has interposed a counterclaim or where the defendant asserts a claim of title to property in litigation and asks for affirmative relief, or cases where the rights of the public or of third parties will be touched by the interruption of the action.

The rule governing motions to discontinue is not so unyielding and inflexible. Although a litigant generally may discontinue an action upon a tender of the taxable costs and disbursements at any time before it has been submitted to the jury or to the court, the court may, through the control it exercises over its own orders, refuse to allow the discontinuance altogether where substantial rights have crystallized in favor of the defendant. The exceptions to the general rule permitting a litigant to terminate an action almost at will, to which the plaintiff refers, are well recognized, but they do not exclude other circumstances where the court may intervene to protect the rights of the adverse party. (*Carleton* v. *Darcy*, 75 N. Y. 375; *Matter of Waverly Water Works Co.*, 85 id. 478; *Matter of Butler*, 101 id. 307; *Winans* v. *Winans*, 124 id. 140; *Gentilala* v. *Fay Taxicabs, Inc.*, 243 id. 397; *Jermyn* v. *Searing*, 139 App. Div. 116, 118; *Rosen* v. *981 Union Avenue Corporation*, 112 Misc. 492, 494; *Block* v. *Propp*, 174 id. 122.)

In *Carleton* v. *Darcy* (*supra*) Judge Folger outlined the scope of the control which the court has over an order of discontinuance at page 376: "The plaintiff has seen fit to ask the court below for an order permitting him to discontinue his action, on the payment of costs to the defendants. That court has refused his request, and on appeal from the order he claims that he has the right, of his own head, to discontinue his action on those terms. But there is no valid discontinuance of an action without an order to that end. That order, whether *ex parte* or on motion, must be an order of the court, and as its order, within its control. It is true, as a general rule, that a plaintiff may, upon the payment of the costs of the defendant, enter an order of discontinuance of the action, and give notice thereof, and that the cause will be thereby discontinued. Yet the court has always kept and exercised the right to control such an order, as well as any other order put upon its records. And where circumstances have existed which have made it inequitable that the plaintiff should, of his own head and without terms, discontinue his action, they have refused his motion to do so altogether, or except on terms; or when he has entered an order *ex parte*, have opened it, and made it conform to what was proper under the circumstances."

I do not believe that the circumstances here justify an unqualified denial of the motion to discontinue. They do make it clear, however, that taxable costs and disbursements will not adequately indemnify the defendant because substantial rights have accrued in its favor. The price of the destruction of these rights which the plaintiff must pay is complete reparation for the expenses to which the defendant has been put by the plaintiff.

The action has gone far beyond the joinder of issue. The defendant has moved successfully for a change of venue from New York county to Monroe county. It has made a motion to compel the plaintiff to give security for costs and it noticed the case for trial at the February term of this court in Monroe county.

The plaintiff had a choice of forums before he commenced the action. He must have known then that the witness whom he considers indispensable to the case was not a resident of New York State and would be available as a witness in court only if the case had been begun in another forum. In spite of this knowledge he chose to bring his action in New York county. The defendant moved for a change of the place of trial and was successful in this maneuver. It is virtually certain, moreover, that the defendant faces a renewal of the fight on another front. The caprice or the tactical error of the plaintiff can be indulged or expiated only by reimbursing the defendant for the expenses which it has incurred in defending the action to date.

The motion for permission to discontinue the action is granted on condition that the plaintiff pay to the defendant its taxable costs and disbursements to the date of discontinuance, and on condition that the plaintiff pay to the defendant the additional sum of $200 for the defendant's counsel fees and expenses incurred in its defense of this action. If the plaintiff refuses to accept these conditions the motion for discontinuance is denied, with costs.

Let order enter accordingly.