MACK BINDER, Plaintiff, *v.* LOOMIS J. GROSSMAN, Defendant.

Supreme Court, Special Term, Kings County, March 5, 1945.

*Irwin S. Rever* for plaintiff.

*Irving Lester Levitt* for defendant

NOVA, J. The plaintiff commenced this action in September, 1944, to recover for the breach of an alleged oral agreement said to have been entered into in 1939, whereby a joint venture was formed between the parties relating to the purchase of real estate. The complaint demands an accounting of the profits which the plaintiff claims were made during the course of such venture. After joinder of issue, defendant served a demand

for a bill of particulars. Upon plaintiff's default in complying, defendant moved for an order of preclusion. Prior to the return day of said motion, plaintiff brought on a cross application to compel defendant to submit to an examination before trial. The two motions were heard by Mr. Justice FRANK E. JOHNSON, who granted defendant's motion to preclude plaintiff and who denied plaintiff's application to examine the defendant. Subsequent motions for reargument brought by plaintiff proved abortive. When the written opinion of the court in denying the motions for reargument is considered together with the other circumstances in this case, it would seem that a conclusion is justified that the action itself was not instituted in good faith.

The plaintiff, upon an affidavit which is entirely barren of any facts warranting the favorable exercise of the court's discretion, now applies for an order permitting him, without costs, to discontinue the action.

Defendant vigorously opposes the granting of the application. It is urged in support of such opposition that heretofore the plaintiff was informed that a stipulation of discontinuance of the action would be consented to provided it was agreed by the plaintiff " that no further action would be taken by him against the defendant ", and that the plaintiff refused so to stipulate. Defendant urges, in any event, that an order of discontinuance be predicated only upon condition that plaintiff pay the sum of $200. The basis for the latter contention is that even were plaintiff required to pay taxable costs, as a permissive condition upon which to discontinue, such costs (which to date total only the sum of $10) would hardly compensate his attorney for the work performed by him in this action, " particularly where the plaintiff's sole reason for making this motion is to rid himself of the orders of this court, which are to his disadvantage, and to commence this action anew."

Ordinarily, a contested motion to discontinue, if granted, is conditioned upon the payment of costs in the suit to date by the moving party. That rule, however, is not an inflexible one, for the court may impose such terms as to it appear just under the circumstances.

A consideration of the entire record of this matter convinces the court that the institution of the action was but a feint and that an ultimate judicial determination of the alleged controversy was never seriously contemplated by the plaintiff. Indeed, there may well be justification for defendant's apprehension that in the event of discontinuance the defendant will face

" a renewal of the fight on another front ". (See *Williams* v. *Artcraft Optical Co., Inc.,* 176 Misc. 317.)

The motion for permission to discontinue the action is granted, on condition, however, that the plaintiff pay to the defendant his taxable costs to the date of discontinuance, and upon the further condition that he pay the sum of $100. If the plaintiff refuses to accept these conditions, the motion for discontinuance is denied, with costs. Settle order on notice.