## GEENIA vs. KEAH.

If an answer contains a counter claim, which stands confessed as true in fact, for want of a reply, or as sufficient in law, for want of a demurrer, the plaintiff may not take an order to discontinue, as a matter of course; but must apply to the court for an order to discontinue.

In an action to recover the purchase money due under a contract for the purchase of real estate, the defence was that the contract, and a deed of the premises to the plaintiff's testator, together, constituted a mortgage, to secure a loan made to the defendant by the testator; and that such contract and deed were usurious and void. The answer also asked to have the contract and deed adjudged to be a mortgage, and declared void for usury, and annulled and surrendered. There was no demurrer or reply to the answer, and the time in which to demur or reply had expired. *Held* that the answer contained matter which constituted a counter claim, as well as a defence ; and that the plaintiff could not discontinue except by leave of the court, granted on showing special grounds for discontinuance.

THE plaintiff sought to discontinue this action, and for that purpose obtained an order that the defendant show cause why it should not be discontinued.

Geenia *v.* Keah.

The defendant opposed its discontinuance, and insisted upon an adjudication upon his rights.

The action was brought to recover the purchase money due under a contract for the purchase of real estate. The defence to the action was that the contract, and a deed of the premises to the plaintiff's testator, together, constituted a mortgage, to secure a loan made to the defendant by the plaintiff's testator ; and that such contract and deed were usurious and void. The answer, besides setting up this defence, asked to have the deed and contract adjudged to be a mortgage, and declared void for usury, and annulled and surrendered. There was no demurrer or reply to the answer, and the time in which to demur or reply had expired.

*Myers & Morris*, for the plaintiff.

*E. C. James*, for the defendant.

JOSEPH POTTER, J. The case involves the determination of these questions :

1st. Has the plaintiff the right to discontinue, of his own motion ?

2d. If not, should she be allowed to discontinue, and deprive the defendant, whom she has brought into court, of the opportunity of having her claims judicially determined by the court ?

3d. If discontinued, the terms of the discontinuance.

*First.* Has the plaintiff the right to discontinue this action.

It was held, in *The Seaboard & Roanoke R. R. Co.* v. *Ward*, (18 *Barb.* 595 ; S. C., 1 *Abb.* 46,) that a plaintiff has the right to discontinue his action, in all cases, except where the defendant has interposed a counter claim to which the plaintiff has not replied or demurred within the time allowed for that purpose. In that case, the counter claim (which is in the nature of a cross ac-

tion) stood confessed upon the record, and entitled the defendant to a judgment upon his cause of action against the plaintiff. (*Lawrence* v. *Bank of the Republic*, 3 *Rob.* 142. *Cockle* v. *Underwood*, 1 *Abb.* 1.) This case holds the rule as stated above; and further holds that the plaintiff must show a good cause for a discontinuance, and that the discontinuance should not injuriously affect the defendant's rights.

This was the rule in chancery, upon a cross bill filed by the defendant. In such a case, the complainant might discontinue his suit at his option; but his discontinuance would not take the cross bill with it. The office of the cross bill was to maintain the defendant's rights, and so was and should be subject to the option of the defendant, and not of the plaintiff. (*Cummins* v. *Bennett*, 8 *Paige*, 81.) Such is manifestly the object and theory of the various provisions of the Code. (See sections 149, 153, 154, 274, 256, 258.)

If the answer, therefore, contains a counter claim which stands confessed as true in fact, for want of a reply, or as sufficient in law, for want of a demurrer, the plaintiff may not take an order to discontinue as a matter of course; but must apply to the court for an order to discontinue.

Does the answer in this case constitute a counter claim, or merely a defence?

The court, upon application for that purpose, ordered the devisees of Alexander G. Codier to be brought in as necessary parties to the action, and such devisees are now plaintiffs in the action. This was done to enable the defendant to have the deed to said Alexander G. Codier declared a security for a loan and to be of effect, and also to bind the devisees of the land by such determination, as well as to defeat the action of the executrix to recover the purchase money, if the allegations of the answer were established in the action. The answer contains matter which constitutes a defence, and

also a counter claim. The usury set forth in the answer, if proved, is a defence. The other matters set forth in the answer constitute a counter claim with demand for a judgment that the deed to the plaintiff's testator is void and should be annulled, and that the defendant is the owner of this land, to recover the purchase price of which the action was brought.

These allegations in the answer would have formed the subject of a cross action, before equitable claims or defences could be interposed to an action at law. The court, at General Term, has virtually decided that the answer in this case contains an equitable defence and seeks relief for the defendant beyond a mere defence, in directing that the devisees of this land be made parties to this action, and so be bound by the judgment if awarded according to the prayer of the defendant.

The devisees would be necessary parties to an action brought by the defendant upon the allegations in his answer, to set aside the contract and deed and to have them declared void, and that the plaintiff's testator convey to the defendant. They are no less necessary parties to an action in which the answer performs the office of a former complaint, in the determination of the same rights and claims.

The answer in this case is allowable under section 150 of the Code, and is clearly a counter claim. That section permits the defendant to set up in answer to an action at law, facts which show, not only that he ought to be required to pay the obligation counted upon, but that such obligation and all deeds, &c., &c., forming part of the transaction, ought to be given up to be cancelled, and the rights of the parties claiming under the same adjusted and determined. In short, to ask and obtain equitable relief against a legal demand, which could formerly be obtained by a cross action. (*Xenia Branch Bank* v. *Lee*, 2 *Bosw.* 694. *Gleason* v. *Moen*, 2 *Duer*, 642. *Leavenworth* v. *Packer*, 52 *Barb.* 132.)

Geenia *v*. Keah.

But it may be said that usury is not a counter claim. (*Prouty* v. *Eaton*, 41 *Barb.* 409.) As stated above, a plea of usury merely, is a defence. The answer in this action is much besides mere usury. Usury is the foundation of the defendant's claim, and right to equitable relief. The report of that case does not show that the party pleading usury made, in connection with it, a claim for equitable relief. Indeed it does not appear that usury was even pleaded at all, or was even pleaded to the mortgage sought to be foreclosed in that action. A former action had been brought to set aside a usurious mortgage given as collateral to the mortgage sought to be foreclosed in that action. If the defendant had simply answered usury, in the case at bar, he would have set up matter of defence, simply; but when he pleads other matters besides usury, and demands relief such as formerly constituted the subject of a cross bill, the answer is a counter claim as well as a defence. When the motion was made for leave to discontinue this action, the defendant's answer therein, in this action, was an admitted counter claim, entitling the defendant to the relief therein demanded. (*See Code*, §§ 153, 168; 3 *Rob.* 142.) In such a case, the plaintiff must show special grounds, to obtain leave to discontinue. (*Cockle* v. *Underwood*, 1 *Abb.* 1.) There is no absolute right to discontinue. Its allowance rests in the discretion of the court. I cannot find any special grounds or reasons whatever for such order on the moving affidavit, or in the character of the pleadings or condition of the action. The plaintiff has summoned and compelled the defendant to come into court to answer an alleged claim against him, and to have the judgment of this court thereon. The defendant, thus forced into court, answers the plaintiff's alleged claim, and makes a claim against the plaintiff, or a counter claim, and asks the judgment of the court thereupon. As it does not lie with the defendant to turn the plaintiff out of court and prevent

his having a judgment upon *his* claim, it should not lie with the plaintiff to turn the defendant out of court and prevent his having a judgment upon *his* claim against the plaintiff.

The defendant's rights should be the same, upon a counter claim, as upon a cross action for the same cause.

I can imagine no sufficient reason, in this case, why the parties, being in court, their respective claims should not be adjusted, rather than that they should go away, and come again for that which can be obtained now.

Motion denied, with $10 costs.

[St. Lawrence Special Term, February 18, 1873. *Joseph Potter*, Justice.]