(70 App. Div. 291.)

## KILMER v. EVENING HERALD CO.

(Supreme Court, Appellate Division, Third Department.   March 21, 1902.)

1. TRIAL—VOLUNTARY DISMISSAL—CONDITIONS.

> Where the plaintiff in a libel suit asks to be allowed to discontinue, the trial court cannot require him to stipulate not to sue again as the terms on which the request will be granted.

2. COSTS.

> Under Code Civ. Proc. § 3253, authorizing an additional allowance in difficult cases in which a defense is interposed, an additional allowance of $225 may properly be allowed on the discontinuance by plaintiff of a libel suit for $25,000 damages, in which expert counsel have been employed by defendant to assist his attorneys of record.

Appeal from special term.

Action by Jonas M. Kilmer against the Evening Herald Company. From an order denying plaintiff's motion to discontinue, except on payment of an additional allowance, and filing a stipulation not to commence another action on the same cause, the plaintiff appeals. Modified and affirmed.

The complaint charges the publication by defendant of libelous matter, and seeks to recover $25,000 as damages.   The answer denies that the publication was wrongful, false, or malicious, alleges matter was privileged, alleges matter in mitigation of damages, and matter which defendant claims to prove in justification of the publication.   The action was not tried.   No witness on either side had been examined.   The cause being on the calendar at a trial term, plaintiff made application to discontinue.   The defendant asked that as a condition of discontinuance the plaintiff should be required to pay an additional allowance and costs, and file a stipulation not to bring another action for the same cause, and against the protest of plaintiff such conditions were incorporated in the order.

Argued before PARKER, P. J., and KELLOGG, SMITH, CHASE, and FURSMAN, JJ.

Carver, Deyo & Hitchcock, for appellant.
Roberts, Tuthill & Rogers, for respondent.

KELLOGG, J.   In Re Butler, 101 N. Y. 307, 4 N. E. 518, it was held:

"Ordinarily a suitor has a right to discontinue any action or proceeding commenced by him, and his reasons for so doing are no concern to the court. A party should no more be compelled to continue a litigation than to commence one, except when substantial rights of other parties have accrued,

and injustice will be done to them by permitting the discontinuance. In such a case, through the control which the court exercises over the entry of its order, there is discretion to refuse; but where there are no such facts, and nothing appears to show a violation of the right or interest of the adverse party, the plaintiff may discontinue, and a refusal of leave becomes merely arbitrary, and without any basis upon which discretion can exist."

In Winans v. Winans, 124 N. Y. 145, 26 N. E. 293, the court said: "But an application for leave to discontinue is addressed to the legal, not the arbitrary, discretion of the court, and it cannot capriciously deny it."

It would therefore seem that ordinarily discontinuance is a right, and leave to discontinue is not a favor asked. Without doubt in the action before us the plaintiff had a right to discontinue his action, and a refusal of leave to discontinue would have been a capricious denial. There were no rights of defendant which could have been injuriously affected by such discontinuance. There were no interests of defendant to be protected, or which could be protected, by a continuance of the action. In re Waverly Waterworks Co., 85 N. Y. 479, cited by respondent, presents quite a different case. There the matter was by law placed in the discretion of the court, and it was a favor plaintiff was asking, not the recognition of a right, and the court says: "The right to impose such conditions grows out of, and is included in, the right to refuse the discontinuance altogether." So we have in all these cases, in effect, a declaration that if the right to refuse an application for discontinuance altogether does not, in a given case, exist, the court has no right to impose arbitrary conditions, and also that ordinarily the right to discontinue an action on payment of costs and allowances is as broad and as clear as the right to commence an action, and the suitor's reasons in either case are of no concern to the court. This must lead to the conclusion in the case before us that the special term had no power to impose, as a condition of discontinuance, the filing of a stipulation not to sue again for the same cause. It is no answer to say that plaintiff is asking a favor of the court in asking leave to discontinue, and he must take the order with any condition the court imposes, or leave it untaken. By asking leave to discontinue, the plaintiff asks the court to adjudicate upon the case and facts before him, that defendant by discontinuance will not be injuriously affected. That is a legal proposition, and is not addressed to the judicial discretion.

The appellant urges that the extra allowance of $225 was improper. At the time the application was made to discontinue the application for an allowance was made. Code Civ. Proc. § 3253, provides for an additional allowance "in a difficult and extraordinary case (when a defense has been interposed in an action)." It is not necessary that there should have been a trial to warrant the allowance. The apparent object of this provision is to supply a method of at least partial compensation to the prevailing party for the expense necessary in the litigation not covered by the taxable costs. The questions presented in this case, as the record before us shows, were difficult, and called for more investigation than ordinary in preparation for trial. Expert counsel, as a matter of reasonable prudence, were engaged, both by

plaintiff and by defendant, to assist the attorneys of record.   The court, we think, was justified in making an additional allowance, and the sum he fixes appears to us reasonable.

The order, however, must be modified by striking out the provision requiring the plaintiff to stipulate not to bring another action against defendant for the same cause, and as so modified the order is affirmed, with $10 costs and disbursements to appellant.   All concur.