JERMYN v. SEARING et al.

(Supreme Court, Appellate Division, First Department. June 24, 1910.)

1. DISMISSAL AND NONSUIT (§ 37*)—RIGHT TO DISCONTINUE—TERMS—COSTS—
   EXTRA ALLOWANCE—"DIFFICULT AND EXTRAORDINARY CASE."

   Plaintiff signed a syndicate agreement to underwrite the bonds of a
   railroad company, the syndicate being managed by defendants S. & Co.,
   and the agreement having been assigned to defendant trust company as
   security for a loan of $150,000 to S. & Co. for the benefit of the sub-
   scribers. The scheme proving unsuccessful, plaintiff sued in equity for
   the cancellation of the agreement, alleging that he had been induced to
   become a subscriber by false representations, and also on the ground of
   failure of consideration and abandonment of the enterprise. The trust
   company answered, pleading separate defenses, and alleging that it had
   loaned S. & Co., as the agents of the subscribers, $150,000, in good faith
   relying on plaintiff's subscription, etc. Pending the action, a receiver for
   S. & Co. had been appointed in bankruptcy, and also for the railroad
   company which had been organized, as contemplated, and in response to
   plaintiff's motion for leave to discontinue defendant trust company
   showed that it had expended $5,350 for counsel fees and disbursements
   in the defense and preparation for the trial of the action, and had in-
   curred additional like obligations, probably over $4,000, and that it and
   the other defendants would be inconvenienced and put to extraordinary
   expense in the trial of the issues in another jurisdiction, and might be
   unable to obtain personal service. Held that, though defendant trust
   company had not pleaded a counterclaim, and was therefore not entitled
   to affirmative relief, the case was nevertheless a "difficult and extraor-
   dinary" one within Code Civ. Proc. § 3253, subd. 2, providing for an al-
   lowance for counsel fees and expenses in addition to taxable costs on
   discontinuance in such a case, and hence the court erred in allowing
   plaintiff to discontinue on payment of a separate bill of taxable costs to
   the trust company, and also to defendants S. & Co. and others.

   [Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §
   73; Dec. Dig. § 37.*

   For other definitions, see Words and Phrases, vol. 3, pp. 2064, 2627.]

2. DISMISSAL AND NONSUIT (§ 19*)—AFFIRMATIVE RELIEF—COUNTERCLAIM.

   Where a defendant pleaded facts showing a cause for affirmative relief
   by way of defense only, it was entitled to an opportunity to amend so as
   to plead such facts as a counterclaim, on defendants filing an application
   for a discontinuance.

   [Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§
   34, 35; Dec. Dig. § 19.*]

3. DISMISSAL AND NONSUIT (§ 20*)—PARTIES—INTERVENTION.

   Plaintiff signed a syndicate subscription to underwrite the bonds of a
   railroad company, the subscribers being represented by S. & Co., when
   the agreement was assigned to a trust company to secure a loan to the
   subscribers. The scheme having failed, and S. & Co. and the railroad
   company having become bankrupts, plaintiff sued to set aside a subscrip-
   tion as obtained by false representations, etc., in which the trust com-
   pany appeared and set up its loan as a defense. Held, that S. & Co. and
   their trustee in bankruptcy being interested in the enforcement of the
   trust company's claim against plaintiff, were entitled to intervene and
   oppose plaintiff's motion to discontinue.

   [Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §
   37; Dec. Dig. § 20.*]

Appeal from Special Term, New York County.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Joseph J. Jermyn against Frederick F. Searing and others. From an order of the Special Term granting plaintiff motion for discontinuance of the action on payment of a separate bill of taxable costs to the Empire Trust Company and to defendants, Searing, George, and Phillips, they appeal. Reversed and remanded to Special Term for rehearing.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, LAUGHLIN, and DOWLING, JJ.

William D. Guthrie (Thomas F. Gilroy, Jr., on the brief), for appellant Empire Trust Company.

Edward J. Welch, for appellants Searing, George, and Phillips.

Montgomery Hare (William R. Barbour, on the brief), for respondent.

LAUGHLIN, J.   This action was commenced by service of the summons on the Empire Trust Company on the 12th day of January, 1909.   It is a suit in equity for the cancellation of an agreement between the defendants composing the firm of Searing & Co. and the plaintiff and others who became subscribers thereto.   The date of the agreement is blank as to the month and day, but the year 1907 is filled in, and it was signed by the plaintiff in the month of February of that year.   The agreement contemplated the formation of a corporation to be known as the Delaware & Eastern Railway Company, and the object of the agreement, which may be termed a syndicate agreement, was the purchase of $6,000,000 of bonds of the company with a view to using the proceeds for the construction of the line of railroad from Hancock to Schenectady in the state of New York, and for acquiring the stock and bonds of the Hancock & East Branch Railroad Company and the Schenectady & Margaretville Railroad Company, and all the rights, privileges and franchises of these companies, and also the Delaware & Eastern Railroad, which had then been constructed and was being operated.   The plaintiff subscribed for bonds of the par value of $200,000.   The action is based on allegations that the plaintiff was induced to become a subscriber to the syndicate agreement on false representations and on the ground of failure of consideration and abandonment of the enterprise.   The syndicate agreement was assigned to the Empire Trust Company as security for a loan of $150,000, made by it to the firm of Searing & Co.   The answer of the Empire Trust Company put in issue the material allegations of the complaint, and set up five separate and distinct defenses in which it is alleged that there is due and owing from the plaintiff to the Empire Trust Company the sum of $150,000 for money loaned to the subscribers of the syndicate agreement and the firm of Searing & Co.   This claim is made both on the theory that said firm was the agent of said subscribers in procuring said loan, and also upon the theory that the money was loaned in good faith on said agreement and in reliance on plaintiff's subscription thereto, and the material facts tending to show liability upon each theory are alleged.

The plaintiff is a resident of the state of Pennsylvania, and a considerable part of his time is spent in Texas.   The defendants George

and Searing are also nonresidents of the state and reside in New Jersey. Pending the action a receiver of the firm of Searing & Co. has been appointed in bankruptcy proceedings in the Southern district of New York, and also for the Delaware & Eastern Railway Company, which was organized as contemplated. It was shown that the Empire Trust Company has already expended the sum of $5,350 for counsel fees and disbursements in the defense and preparation for the trial of this action, and that it has incurred additional like obligations which will probably exceed the sum of $4,000. It further appears that the appellants would be greatly inconvenienced and put to extraordinary expense in the trial of the issues in another jurisdiction, and that it might be impossible to make personal service of process upon all the parties in another jurisdiction.

The only ground assigned for the discontinuance of the action is the fact that the defendants were pressing the case for trial at a time when it was inconvenient for the plaintiff to remain in attendance upon the trial. The Empire Trust Company has not in form pleaded a counterclaim, nor has it demanded any affirmative relief. Its only demand for relief is that the complaint be dismissed with costs. All of the essential facts to constitute a counterclaim for a recovery against the plaintiff for the indebtedness which it alleges is due and owing to it from him are pleaded. As the pleading stands, however, these facts are merely pleaded as a defense, and if the plaintiff should default in appearing on the trial no affirmative relief could be awarded against him. As the pleading stands, therefore, the plaintiff cannot be compelled to litigate any of the issues, nor can any judgment be rendered against him other than for a dismissal of the complaint with costs, without an amendment of the answers or his appearance upon the trial. If, therefore, neither answer be amended by an appropriate demand for affirmative relief, the court should allow the plaintiff to discontinue the action on such terms as justice requires. The circumstances of this case, however, are such that the taxable costs and disbursements will not adequately indemnify the defendant company. The necessary amendment to its pleading to warrant a recovery against the plaintiff is scarcely more than a mere formality, since it has pleaded all of the material facts, and if the action went to trial and the plaintiff appeared, it doubtless would have no difficulty in obtaining the amendment upon the trial or a suspension of the trial to enable it to obtain it at Special Term. It has evidently prepared for the trial upon the theory that it would be permitted not only to prove its cause of action against the plaintiff as a defense but to recover thereon as well. The action has been pending for a long time, and it involves liability for a large sum of money. The record therefore, shows a state of facts on which plaintiff should in no event be permitted to discontinue the action without paying an extra allowance limited by section 3253, subd. 2, of the Code of Civil Procedure, for counsel fees and expenses in addition to the taxable costs, because if the case were brought to trial the defendants might have obtained such extra allowance, for it is apparent that it is a difficult and extraordinary case within the meaning of said section of the Code of Civil Procedure. Kil-

mer v. Evening Herald Co., 70 App. Div. 291, 75 N. Y. Supp. 243; Matter, etc., Waverly Water Works Co., 85 N. Y. 478. See, also, People v. Bootman, 180 N. Y. 1, 72 N. E. 505. If the defendant company or the other defendants obtain leave to amend their answer by inserting appropriate allegations to make it clear that a counterclaim for the amount of said indebtedness is pleaded, or that the party or parties so amending is or are entitled to affirmative relief, then we are of opinion that the facts are such that the action should be tried in this jurisdiction, and that the plaintiff's application for a discontinuance of the action should be denied. In re Butler, 101 N. Y. 309, 4 N. E. 518; Genia v. Keah, 66 Barb. 249; Kruger v. Persons, 52 App. Div. 50, 64 N. Y. Supp. 841; Price v. Price, 21 App. Div. 599, 47 N. Y. Supp. 772; Washington Glass Co. v. Benjamin, 62 Hun, 622, 17 N. Y. Supp. 135; Wilder v. Boynton, 63 Barb. 547. The other appellants were likewise justified in opposing the motion and in appealing from the order on the ground that they are interested in the enforcement of the counterclaim of the Empire Trust Company against the plaintiff, and their trustee in bankruptcy will be entitled, if he so desires, to intervene in behalf of the creditors of the firm.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and the motion remitted to the Special Term for a rehearing in accordance with the views herein expressed. All concur.