(159 App. Div. 513.)

### LOEW v. McINERNEY et al.

,Supreme Court, Appellate Division, Second Department. December 5, 1913.)

1. USURY (§ 101*)—SUBJECT OF COUNTERCLAIM—USURY PLEA.
   While usury is generally a substantive defense and not a counterclaim, it may be pleaded as a counterclaim.

   [Ed. Note.—For other cases, see Usury, Cent. Dig. §§ 235–240; Dec. Dig. § 101.*]

2. PLEADING (§ 182*)—ADMISSIONS—FAILURE TO REPLY.
   Usury pleaded as a counterclaim in an action to foreclose a mortgage was admitted by failure to reply.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 387, 388; Dec. Dig. § 182.*]

3. PLEADING (§ 142*)—SET-OFF AND COUNTERCLAIM—SUFFICIENCY.
   In view of Code Civ. Proc. § 519, requiring pleadings to be construed liberally with a view to substantial justice, allegations of the answer in an action to foreclose a mortgage, "and as a separate and distinct defense and counterclaim thereto," defendants allege, etc., will be permitted to stand as a counterclaim, though not separately stated as contemplated' by sections 500, 507, since any indefiniteness could have been remedied on plaintiff's motion under section 546.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 290, 291, 297, 300; Dec. Dig. § 142.*]

Appeal from Kings County Court.

Action by Lottie Loew against Mary McInerney, impleaded with others. From a judgment for plaintiff, a part of defendants appeal. Reversed, and new trial. ordered.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before JENKS, P. J., and BURR, CARR, STAPLETON, and PUTNAM, JJ.

Francis X. Carmody, of New York City, for appellants.

John T. Loew, of New York City (William J. Dawley, of New York City, on the brief), for respondent.

STAPLETON, J. The action is against the mortgagors for the foreclosure of a mortgage on real property. The defendants pleaded new matter—that the mortgage was the result of an usurious transaction—and demanded affirmative relief. The plaintiff did not reply. The court denied a motion for judgment on the counterclaim.

[1, 2] It must be admitted that the facts stated constitute a counterclaim. Usury is a substantive defense and not a counterclaim under ordinary circumstances. Equitable Life Assurance Soc. v. Cuyler, 75 N. Y. 511, 515. It may also be pleaded as a counterclaim. Geenia v. Keah, 66 Barb. 245, cited in Jermyn v. Searing, 139 App. Div. 116, 119, 123 N. Y. Supp. 832. See Myers v. Wheeler, 24 App. Div. 327, 48 N. Y. Supp. 611, affirmed 161 N. Y. 637, 57 N. E. 1118. And if properly pleaded as a counterclaim it is conclusively admitted by failure to reply. McCrea v. Hopper, 35 App. Div. 572, 577, 55 N. Y. Supp. 136, affirmed 165 N. Y. 633, 59 N. E. 1125, on opinion below.

[3] The question presented is: Do the defendants lose the benefit of the plaintiff's obligation to reply by introducing their plea with the words "and as a separate and distinct defense and counterclaim thereto, allege," etc.?

In Equitable Life Assurance Soc. v. Cuyler, supra, where the plea was introduced with the words "and for a second and further defense," the court said:

"The claim that the answer sets up a counterclaim, and that the appellant should have judgment upon the ground that there was no reply, is not, we think, well founded. The answer purports to set up a defense merely and so expressly states, and it is not claimed therein that it was such counterclaim. Had the answer advised the plaintiff that a counterclaim was intended to be set up, a reply would no doubt have been served, or at least the plaintiff would have been informed of the nature of the pleading. We think that no reply was required, for the reason that no counterclaim was actually interposed by the answer. As a distinction exists between a defense and a counterclaim, when the defense is intended as a counterclaim it should be explicitly stated in the answer; so as to advise the opposite party, and in the absence of such an allegation, especially when the party defines and characterizes his answer as a defense, and it is uncertain whether a counterclaim is intended, such party is not in a position to insist that he has actually set up a counterclaim, and the answer should be construed and considered as a defense. The defendant is bound by his own definition of the answer, and cannot at his own volition change the nature of the pleading which he has characterized, and by so doing may have misled the plaintiff.'

In McCrea v. Hopper, supra, the court said:

"The defendant Hopper's answer, setting up his mortgage and asking an affirmative judgment of foreclosure therein, was an undoubted counterclaim. There is not a word in the paragraphs of the answer numbered 1 to 11 inclusive which is even suggestive of a defense to the plaintiff's mortgage. Every word therein contained was appropriate solely to an original complaint in an action by Hopper for the foreclosure of his mortgage. And these paragraphs were followed by the usual demand of judgment for the foreclosure of

a mortgage. It is plain that, although not specially denominated a counterclaim in the answer—though in fact pleaded as a further and separate answer and defense—these allegations constituted a counterclaim. The case of Metropolitan Trust Co. v. Tonawanda, etc., R. R. Co., 18 Abb. N. C. 368, is a direct authority upon this point. The facts there were quite similar, and Bradley, J., in holding that these averments of the answer constituted a counterclaim, said that there was no force in the objection that the answer did not, in express terms, define as a counterclaim the matter set up as such, inasmuch as it distinctly appeared 'by the relief demanded that it was intended as a counterclaim.' So in Bates v. Rosekrans, 37 N. Y. 412, Hunt, J., said that 'no particular form of words is necessary to make a pleading a counterclaim, and, if the party had in any reasonable language intimated that he intended to make a personal claim in his own favor against the plaintiff, it would have been sufficient.' "

The new matter pleaded in McCrea v. Hopper and in the case cited therein (Metropolitan Trust Co. v. Tonawanda, etc., R. R. Co.) was not and could not by its nature be a defense, and could stand only as a counterclaim. This is the mark of distinction between those cases and Equitable Life Assurance Soc. v. Cuyler, supra.

In Huber Brewery v. Sieke, 146 App. Div. 467, 469, 131 N. Y. Supp. 271, 272, the court said:

"There is a distinction under our Code pleading between a 'defense' and a 'counterclaim,' and when new matter is set up as an answer which may be either, unless characterized as a counterclaim, it will be treated only as a defense."

And in American Guild v. Damon, 186 N. Y. 360, 364, 78 N. E. 1081, 1082, the court, Cullen, C. J., said:

"It is the settled law in this state that, for a defendant to preclude a plaintiff from contesting a counterclaim because of a failure to serve a reply, the counterclaim must be distinctly named as such in the answer."

In Deeves & Son v. Manhattan Life Ins. Co., 195 N. Y. 324, 333, 88 N. E. 395, 399, it was said:

"If a counterclaim is relied upon, it must be alleged in the answer and not left to inference."

In the case at bar, however, the new matter was denominated as a counterclaim as well as a defense. Scientifically, if designed to operate as such, they should be separately stated. Code Civ. Proc. §§ 500, 507. The indefiniteness and uncertainty could be remedied on plaintiff's motion. Section 546, Code Civ. Proc.; Bass v. Comstock, 38 N. Y. 21. Our obligation is to construe the pleading liberally, with a view to substantial justice between the parties. Code Civ. Proc. § 519. A rule of pleading having been simply violated, and no resort having been had to the prescribed method of correction, we are inclined to hold that as the new matter was denominated as a counterclaim it should stand as such. There is no sound or compelling reason why we should elect to ignore the statement that it was a counterclaim. The suggestion that we affirm, because the trial court heard and fairly disposed of this question of usury on its merits, asks us to disregard defendants' right to stand upon the issues under the pleadings. In the absence of a reply, defendants were not called upon to prepare to meet any opposition to their counterclaim. The court erred in not so treat-

ing it, and the judgment should be reversed. As the parties may in a new trial shape their pleadings and offer their proofs in a manner better suited to attain justice, a new trial will be directed.

Judgment of the County Court of Kings County reversed, and a new trial ordered; costs to abide the final award of costs. All concur.

