GRESSMAN v. GRESSMAN.

(Supreme Court, Special Term, Erie County. January, 1914.)

1. DISMISSAL AND NONSUIT (§ 18*)—PREJUDICE TO DEFENDANT.

While usually plaintiff may discontinue on payment of costs, the right to discontinuance is subject to the court's control and will be denied where discontinuance would prejudice defendant's rights.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. § 32; Dec. Dig. § 18.*]

2. DIVORCE (§ 139*)—DISCONTINUANCE.

As a rule, the discontinuance of a divorce action will be denied especially where defendant demands affirmative relief, and a motion by

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plaintiff for discontinuance was properly denied where defendant answered and denied plaintiff's cause of action and counterclaimed for a separation on the ground of abandonment and cruel treatment.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 463–468, 470; Dec. Dig. § 139.*]

Action by Julius Gressman against Mary C. Gressman, in which defendant filed a counterclaim. On plaintiff's motion to discontinue the action. Motion denied.

Philip A. Laing, of Buffalo, for plaintiff.

Frank E. Wade, of Syracuse, for defendant.

WHEELER, J. This action was brought for an absolute divorce on statutory grounds. The defendant appeared and answered, denying the charges of infidelity, and by way of counterclaim alleged abandonment and cruel and inhuman treatment by the plaintiff, and demanded affirmative relief by a decree for a judicial separation.

The plaintiff now moves for permission to discontinue the action, which the defendant opposes. We think the motion must be denied.

[1] While in most cases the plaintiff may discontinue, almost as a matter of right, on the payment of costs (Petition of Butler, 101 N. Y. 307, 4 N. E. 518), nevertheless that right is subject to the judicial control of the court, and will be denied where a discontinuance would work injustice or prejudice to the defendant's rights.

[2] This right to discontinue has, as a rule, been denied in matrimonial actions, particularly where a defense has been interposed demanding affirmative relief. Campbell v. Campbell, 12 Hun, 636; Winans v. Winans, 124 N. Y. 140, 26 N. E. 293. See, also, Kruger v. Persons, 52 App. Div. 50, 64 N. Y. Supp. 841; Jermyn v. Searing, 139 App. Div. 116, 123 N. Y. Supp. 832.

If the court should grant the motion now made, it would result in turning the defendant out of court, and compelling her to bring a separate action for the relief now sought and permitted by way of counterclaim.

While doubtless the plaintiff has the right to withdraw his charges, and refuse to give evidence to support them, we do not think the defendant should be deprived of the right to prove her case, if she desires, by an order of discontinuance.

The motion is therefore denied.