MAX PALMEDO, Plaintiff, *v.* WALTON REPORTER COMPANY, Defendant.*

(Supreme Court, Delaware Special Term.)

*Order dismissing complaint on payment of costs entered on defendant's default after dismissal of complaint with leave to amend — motion to open such default granted and plaintiff's motion to dismiss to be heard upon the merits — General Rules of Practice, rule 37.*

ACTION for libel.

Frank H. Edmonds (George M. Palmer, of counsel), for plaintiff.

A. C. Patterson (Harvey D. Hinman, of counsel), for defendant.

KELLOGG, A. L., J. This is an action for libel. Issue was joined March 26, 1918. The county of Kings was originally named as the place of trial, but the same was changed, by order of this court, to the county of Delaware, for the convenience of witnesses. The cause of action, if any, arose in the latter county. The action came on for trial at the May, 1919, Delaware Trial Term, and after the jury was duly impaneled, a motion was made by the attorneys for the defendant to dismiss the complaint upon the ground that it failed to state a cause of action. After hearing counsel on either side in relation thereto, the motion was granted. The court, however, gave the plaintiff the option of having his complaint dismissed in order that the questions involved might be immediately reviewed on appeal, or of withdrawing a juror and applying at Special Term to amend the complaint upon the payment of all costs to date.

---

*Affirmed by the Appellate Division, Third Department, July 8, 1920, on the opinion below.— [REPR.

During the intervening months, and up to within seven days prior to the time the statute would run against plaintiff's cause of action, he had not elected to avail himself of either course.

On the sixth day of October, the defendant obtained, entered and served an order dismissing the complaint, with costs, but which contained the provision, "that the action should not abate, but the plaintiff, upon paying all costs may make a motion at Special Term within sixty days after the entry of the order for leave to serve an amended complaint."

The plaintiff did not avail himself of the privilege contained in that order, but chose to wait until seven days prior to the 6th day of December, 1919, the date when the statute would run, both against his action and the time within which he might apply at Special Term to amend, and obtained an order to show cause returnable at a Special Term in Ulster county, in the third judicial district, on December third, wherein he requested an order dismissing the complaint upon the payment of costs. This order was granted on default, it appearing on its face that no one appeared in opposition thereto.

Under rule 37 of the General Rules of Practice, Mr. Justice Nichols, who presided at the Ulster Special Term, was not required to examine the matter on the merits, because default having been made by the defendant on that motion, the plaintiff was entitled to the order as a matter of course.

The defendant sought to relieve itself from the conditions of the order allowing a dismissal of the complaint, upon the ground of insufficient notice, and that he returned the papers by reason thereof. The defendant failed in this respect, but was given leave to open its default in failing to appear on December third, and be given an opportunity to be heard upon the merits of that motion. This is the return of an order to show cause granted for that purpose.

I am of the opinion that the default upon the part of the defendant should be opened, and plaintiff's motion heard on the merits, for the reason that its rights will be materially affected by the relief requested.

An application may properly be made to one judge to open an order taken by default before another judge, for, as such orders are taken as a matter of course, if no one opposes, there is no judicial decision made within the rule that one judge should not review the orders of another. An order to show cause is, in effect, merely a short notice of motion, and is not to be regarded for any purpose as indicating any opinion of the court on the merits of the application. Defaults taken on motion at Special Term are opened, as a matter of course, on excuse being shown.

Learned, J., at Special Term, in *Thompson* v. *Erie R. R. Co.*, 9 Abb. Pr. (N. S.) 237, says: "I should regret very much if there should seem to be in this case the least conflict of judicial action. Nothing of the kind is involved in the hearing of this motion. The orders which the defendants now ask to open or set aside, were taken by default. By the rule of the Court as well as by familiar practice, the plaintiffs took the orders as a matter of course, no one opposing. There has therefore been no judicial decision in the matter, for a decision implies the hearing of both parties. The defendants' failure to appear was a tacit consent to the entering of the orders, and it was unnecessary for the court to pass on the merits of the motion. It is from the effects of that tacit consent that the defendants now wish to be relieved — not from any real decision against them. If I were asked to reverse a decision of this Court made at the Term of another Justice, a very different question would be raised."

Continuing, Learned, J., says: "It is almost a matter of course to open defaults on any excuse being shown. It is right that both parties should be heard.

The defendants' attorney swears to an excuse for not attending * * *. The default should be opened on terms."

It is within the power of one Special Term, when the merits of the application present a proper case, to open an order where it has been substantially taken by default. *Matter of Hartman*, 23 Wkly. Dig. 128; *People* v. *National Trust Co.*, 31 Hun, 20, 26, 27; 1 Rumsey Pr. (2d ed.) 271; *Bolles* v. *Duff*, 56 Barb. 567, 569.

It may possibly be that the order granted here was not obtained by the tacit consent of the defendant, but the fact remains that it was granted substantially on default, which should be opened on terms.

The court at the Trial Term gave the plaintiff permission to apply at Special Term to amend the complaint upon payment of the costs of the action, which was practically equivalent to granting such a motion upon complying with the conditions, yet the learned attorney of record for the plaintiff advances the argument on this motion that possibly a request on his part at Special Term to amend his complaint, would have been denied, and, in any event, if made within the sixty days provided in the order granted October sixth, that the court might have held a decision thereon until after the sixth day of December.

In case of denial of a motion for permission to amend, he states he would not only have been compelled to institute a new suit, but would have had the absolute right to so do. That in case the decision had been held up until after the sixth day of December, he would have been without all remedy. He did not, however, choose to test the discretion or good faith of any of the justices of the sixth judicial district in those respects. On the contrary, he slept on his rights until the twenty-ninth day of November — just seven days prior to the time his cause of action would outlaw by the Statute of Limitations, and then obtained his

order to show cause for leave to have his own complaint dismissed upon the payment of costs. It would seem that he had in mind from the outset this situation as an excuse for the commencement of a new action in the county of Kings, from which county this court, sitting at Special Term in that county, had theretofore directed the cause of action to be tried in the county of Delaware.

The order granted upon default, allowing the dismissal of the complaint, was promptly entered. A new action was then brought upon the same cause of action, in the county of Kings.

A careful reading of the moving papers in the original motion to discontinue shows conclusively that the dismissal was not asked for the purpose of ending the litigation, but simply to nullify the order of the Supreme Court in sending the action for trial from Kings county to Delaware county. The bringing of the subsequent action in Kings county is proof of that fact, if any is needed. The court, in its discretion, should deny a motion to discontinue an action when the rights of the defendant will be materially affected and injured. *Winans* v. *Winans,* 124 N. Y. 140, 144; *Matter of Butler,* 101 id. 307; *Jermyn* v. *Searing,* 139 App. Div. 119; *Gressman* v. *Gressman,* 145 N. Y. Supp. 819; *Carleton* v. *Darcy,* 75 N. Y. 375.

In *Carleton* v. *Darcy,* Folger, J., in writing for the Court of Appeals, says: " The plaintiff has seen fit to ask the court below for an order permitting him to discontinue his action, on the payment of costs to the defendants. That court has refused his request, and on appeal from the order he claims that he has the right, of his own head, to discontinue his action on those terms * * * So that the court, to which the motion for leave to discontinue was addressed, had a discretion, under all the circumstances of the case, whether or not to refuse it * * * The court might well require him to pursue the action that he had

commenced, until a definite and final result was reached in it, settling positively the rights of possession of the lands in dispute.''

The plaintiff strongly contends that by reason of two certain publications with reference to this action on the merits, published in Delaware county newspapers, he will not be able to secure a fair trial in that county. It does not appear, however, that the defendant was connected with such publications. The motion papers and affidavits used at Special Term in Kings county, for the purpose of changing the place of trial from that county to Delaware county, disclosed the fact that all of the witnesses necessary for the parties to have on trial of the action — at least twelve in number — reside in the towns of Deposit and Tompkins, Delaware county, and in the town of Sanford, Broome county.

Therefore unless the plaintiff will stipulate within ten days after the service of a copy of the order granted hereupon, to change the place of trial of the new action recently brought for the same cause of action set forth in the complaint herein in the county of Kings, to either the county of Delaware or Broome, and pay all the costs of the former action at the same time without extra allowance, the motion for leave to discontinue this action is denied, without prejudice, however, to the plaintiff, to renew said motion upon showing that the application is made for the *bona fide* purpose of ending the litigation, and that it would not be prejudicial to the defendant.

In case the plaintiff elects to make the stipulation above provided, and carry out the foregoing directions, he shall have ten dollars costs of this motion, otherwise his motion to dismiss is denied without costs.

Ordered accordingly.