## COHEN v. TEXAS CO

District Court, E. D. New York. November 30, 1927.

No. 2131.

1. **Dismissal and nonsuit ⊚⟹37—Additional allowance may be granted defendant in case of voluntary discontinuance of difficult and extraordinary action (Civil Practice Act N. Y. §§ 1513, 1514).**

Additional allowance under Civil Practice Act N. Y. §§ 1513, 1514, to indemnify successful party for expense incurred in prosecution of defense beyond those usually necessary, may be granted defendant in case of voluntary discontinuance, where action is difficult and extraordinary.

2. **Dismissal and nonsuit ⊚⟹37—Court, in determining whether action is "difficult and extraordinary," within law authorizing additional allowance, may consider amount involved and nature of facts (Civil Practice Act N. Y. §§ 1513, 1514).**

In determining whether action is "difficult and extraordinary," within meaning of Civil Practice Act N. Y. §§ 1513, 1514, authorizing additional allowance, court may consider amount involved and complexity and intricate nature of facts, and also whether questions of fact called for more than ordinary investigation in preparation for trial, amount of labor performed by counsel, difficulties in preparing for trial, as well as expense likely in case new action is brought after discontinuance.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Difficult.]

3. **Dismissal and nonsuit ⊚⟹37—Action based on oral contract requiring investigation of witnesses in foreign countries held "difficult and extraordinary," justifying additional allowance on voluntary dismissal (Civil Practice Act N. Y. §§ 1513, 1514).**

Action to recover $100,000 for services alleged to have been rendered under oral contract, requiring personal investigation of witnesses situated in Palestine, Syria, Egypt, France, and Italy, and involving difficult questions of law, held "difficult and extraordinary," within meaning of Civil Practice Act N. Y. §§ 1513, 1514, so as to justify additional allowance to defendant on granting plaintiff's motion for discontinuance.

At Law. Action by Frank Cohen against the Texas Company. On plaintiff's motion for discontinuance, and defendant's motion for additional allowance. Discontinuance granted, on conditions specified in opinion.

Whitman, Ottinger & Ransom, of New York City, for plaintiff.

Miller, Otis & Farr and T. K. Schmuck, all of New York City, for defendant.

MOSCOWITZ, District Judge. During the trial of this action, which was had before court and jury, and at which plaintiff testified at great length, plaintiff asked leave to discontinue the action. The court ruled that any recovery to which the plaintiff might be entitled was limited by paragraph 2 of the first bill of particulars to services performed by the plaintiff on behalf of the defendant in Syria and Palestine subsequent to the making of the alleged contract in suit. Thereupon the plaintiff's counsel stated that, if this ruling was adhered to, the plaintiff would discontinue the action, since the plaintiff was surprised by the ruling. The defendant's counsel thereupon consented that the complaint and bill of particulars be amended to enable the plaintiff to give evidence of and assert the claim which the plaintiff desired to make. Despite this, plaintiff's counsel moved to discontinue the action.

The court took under advisement motion of the defendant for an additional allowance. An additional allowance is required by virtue of the provisions of sections 1513 and 1514 of the New York Civil Practice Act, which provide:

"Sec. 1513. In an action brought to foreclose a mortgage upon real property or for the partition of real property, or in a difficult and extraordinary case, where a defense has been interposed in an action, or, except in the first and second judicial districts, in a special proceeding by certiorari to review an assessment under article 13 of the tax law, the court, in its discretion, also may award to any party a further sum, as follows:

"1. In an action to foreclose a mortgage, a sum not exceeding two and one-half per centum upon the sum due or claimed to be due upon the mortgage, nor the aggregate sum of two hundred dollars.

"2. In any action or special proceeding specified in this section, where a defense has been interposed, or in an action for the partition of real property, a sum not exceeding five per centum upon the sum recovered or claimed, or the value of the subject-matter involved."

(Former section 1475; renumbered section 1513 by Laws 1921, c. 199, § 14; Code section 3253.)

"Sec. 1514. But all the sums awarded to the plaintiff as prescribed in section fifteen hundred and twelve of this act, or to a party or two or more parties on the same side as prescribed in subdivision four of section fifteen hundred and ten of this act, and in subdivision second of the last section, cannot exceed in the aggregate two thousand dollars."

(As amended by Laws 1922, c. 219, March 24, Laws 1921, c. 199. Former section 1476; renumbered section 1514 by Laws 1921, c. 199, § 14. Code section 3254.)

[1] The purpose of this statute is to indemnify the successful party for the expense that he may incur in its prosecution or defense beyond those which are usually necessary. If the action is difficult and extraordinary, such allowance may be granted in case of voluntary discontinuance. Jermyn v. Searing et al., 139 App. Div. 116, 123 N. Y. S. 832; Kilmer v. Evening Herald Co., 70 App. Div. 291, 75 N. Y. S. 243.

[2] The question for consideration is whether this action is difficult and extraordinary within the meaning of the statute. The court may consider the amount involved and the complexity and intricate nature of the facts involved. American Fruit Product Co. v. Ward, 113 App. Div. 319, 99 N. Y. S. 717, affirmed 190 N. Y. 533, 83 N. E. 1122, 192 N. Y. 588, 85 N. E. 1105; Boyd v. Daily, 85 App. Div. 581, 591, 83 N. Y. S. 539, affirmed 176 N. Y. 613, 68 N. E. 1114; Miller v. Clary, 147 App. Div. 255, 267, 127 N. Y. S. 897, 131 N. Y. S. 1129, 133 N. Y. S. 1101,

23 F.(2d)—9

modified on other grounds 210 N. Y. 127, 103 N. E. 1114, L. R. A. 1918E, 222, Ann. Cas. 1915B, 872.

The court may also consider whether the questions of fact called for more than an ordinary investigation in preparation for trial, the amount of labor performed by counsel in the preparation of the case, the difficulties in preparation for trial, as well as the expense that the defendant is likely to be put to if a new action is brought.

[3] This action is to recover $100,000 for services alleged to have been performed by the plaintiff during the period from April, 1921, to March 1, 1923. Although some of the transactions were had in New York, most of them took place in Palestine, Syria, Egypt, Turkey, and the island of Cyprus. The testimony of the plaintiff is unsatisfactory and not worthy of credence. Necessarily the facts of plaintiff's alleged services were known only to him, and not to the defendant. By reason of this action, defendant has twice brought two witnesses here, one from London, England, and one from Rio de Janeiro. While it is true that the depositions of these witnesses probably could have obtained, it was necessary for the witnesses to appear and testify, as plaintiff's alleged services in Egypt, Turkey, and the island of Cyprus were known only to him, or to his witnesses, whose identities were unknown to the defendant. It is apparent that, if this case is retried, the defendant's witnesses must be brought to New York again.

The affidavits disclose that considerable time was necessarily expended in the preparation of the defense, and that hundreds of documents were examined; that investigations of witnesses were required to be personally made in Palestine, Syria, Egypt, France, and Italy. Difficult questions of law were involved. The plaintiff testified that, although a written contract was executed between his corporation and the defendant, this contract, which was important to him and for the alleged breach of which the suit was instituted to recover $100,000 for services, was oral.

Defendant offered to waive any defense as to the bill of particulars, so that the trial could proceed. Plaintiff evidently realizes the weakness of his case in insisting upon a discontinuance of the action, the sole purpose of which being apparently to harrass and annoy the defendant. I have concluded that this is a difficult and extraordinary case, within the meaning of the authorities. The action may be discontinued upon the following conditions; (c) having been consented to by the defendant:

"(a) That plaintiff pay defendant its costs and disbursements taxable by law, which shall include an extra allowance to defendant amounting to two thousand dollars ($2,000.-00), pursuant to sections 1513 and 1514 of the Civil Practice Act of New York, which sum is hereby awarded, the case being a difficult and extraordinary one within the meaning of said sections.

"(b) That unless said costs, including said extra allowance, are paid by the plaintiff within 30 days from the entry of this order, the defendant may move for an order or judgment dismissing the plaintiff's case herein upon the merits.

"(c) That all depositions taken herein on behalf of the defendant may be available for use by the defendant in any subsequent action between the same parties.

"(d) That unless and until said costs including said extra allowance are paid by the plaintiff herein, no further or other action may be brought by the plaintiff against the defendant on the same cause of action."