JOSEPH DEIGHTON GIBSON, Plaintiff, *v.* IDA BROWN, Defendant.

Supreme Court, Special Term, Bronx County, May 8, 1939.

*Benjamin Bag*, for the plaintiff.

*Howard Hilton Spellman*, for the defendant.

McGEEHAN, J. The plaintiff instituted an action to foreclose two mortgages. The defendant has interposed an answer affirmatively alleging usury both as an affirmative defense and as a counterclaim. The plaintiff has interposed no reply to the alleged counterclaim. Upon the trial the plaintiff adduced proof as to the mortgage and the alleged default and rested. The defendant then moved for judgment on the counterclaim and rested. Thus a question of law is presented for this court's determination. The defendant maintains that inasmuch as a counterclaim has been alleged by failing to reply to the allegations they are deemed admitted, and hence as a matter of law judgment must be rendered for the defendant upon the counterclaim.

The plaintiff on the other hand justifies his failure in replying by his contention that under the rulings of *Prouty* v. *Eaton* (41 Barb. 409) and *Walker* v. *American Central Ins. Co.* (143 N. Y. 167) the alleged counterclaim was in law and fact a misnomer and required no reply as a matter of law.

The law appears to permit of usury being pleaded as an affirmative defense (*Equitable Life Assurance Soc.* v. *Cuyler*, 75 N. Y. 511, 515) or as a counterclaim. (*Meyers* v. *Wheeler*, 24 App. Div. 327; affd., 161 N. Y. 637; *Caraccia* v. *Schoenberg*, 246 App. Div. 217.) If properly pleaded and labeled as a counterclaim there is authority in law for holding that these allegations are conclusively admitted by failure to reply. (*McCrea* v. *Hopper*, 35 App. Div. 572, 577; affd., 165 N. Y. 633; *Caraccia* v. *Schoenberg*, 246 App. Div. 217.)

In the pleadings before the court the new matter alleging usury has been denominated as a counterclaim as well as a defense. While the defense and the counterclaim should have been separately stated the fact that the plaintiff did not make a motion with that end in view did not remove the denomination of the new matter as a counterclaim. In the absence of a reply, however, the defendant was not called upon to prepare to meet any opposition to the alleged counterclaim. Under the rulings of *Loew* v. *McInerney* (159 App. Div. 513) and *Caraccia* v. *Schoenberg* (246 id. 217) this court on the present state of the record is constrained to render judgment for the defendant on her counterclaim because of the default on the part of the plaintiff to reply thereto and to dismiss the complaint. This dismissal, however, is without prejudice in the event that the plaintiff by suitable and proper application to the court succeeds in opening the default in replying to the counterclaim. (*Caraccia* v. *Schoenberg*, 246 App. Div. 218.)

The plaintiff is accordingly granted a thirty days' stay and sixty days in which to make a case.