CHARLES MORTIMER MILLER, Plaintiff, *v.* MADISON SQUARE GARDEN CORPORATION, Defendant.

Supreme Court, Special Term, New York County, October 10, 1940.

*Chadbourne, Wallace, Parke & Whiteside* [*Leonard P. Moore,* and *James R. Jones* of counsel], for the defendant.

McLAUGHLIN, J. This is an application for an order permitting the plaintiff to discontinue this action upon the payment of all taxable costs and disbursements to date. The action was commenced in March, 1940, and thereafter issue was joined and the case noticed for trial. No demand for a jury trial had been made by the plaintiff. Thereupon plaintiff obtained an order transferring the case from the non-jury to the jury calendar, but this order was reversed by the Appellate Division, which held that the plaintiff had waived his right to a trial by jury. The plaintiff admittedly now seeks to discontinue the present action for the sole purpose of instituting a new action in which he may obtain a trial by jury.

Since the commencement of this action a great deal of work has been done in connection with preparing the case for trial. There have been various preliminary motions for bills of particulars and examinations before trial and if plaintiff were permitted to discontinue at this time all this work will become absolutely wasted.

Under the circumstances, the court, in its discretion, must deny permission to discontinue the action. To grant such an application at this time would constitute a grave injustice. The mere fact that the plaintiff has been unsuccessful in the litigation with respect to the waiver of a jury trial is no reason for permitting the plaintiff to circumvent the order of the Appellate Division and the ruling of the court which have held that this is now a non-jury

case, the plaintiff having waived his right to demand a jury. All that plaintiff is entitled to is a trial without a jury, and that is all that the defendant may be required to meet.

In situations similar to that now before the court the appellate courts have held that it would be improper to permit a discontinuance. (*Carleton* v. *Darcy*, 75 N. Y. 375; *Palmedo* v. *Walton Reporter Co.*, 112 Misc. 729; affd., 193 App. Div. 920; *Frear* v. *Lewis*, 201 id. 660.)

Motion is denied.