Van Voorhis, J. (dissenting).
Plaving filed a lis pendens tying up real property, áfter long and inexcusable delay in bringing the action to trial, and having defaulted in furnishing a bill of particulars in consequence whereof an order of preclusion had been entered preventing the introduction of vital testimony, the action was finally reached for trial. Denied a *744 further adjournment, properly, as the Appellate Division has held, plaintiff abandoned the trial of the action. The defendants put in their proof and judgment was entered against plaintiff ‘< on the merits ”. On appeal by plaintiff the Appellate Division, while holding that the action was properly ordered to trial, eliminated the decision on the merits on the ground that dismissal on the merits was not permitted by law, citing Greenberg v. De Hart (4 N Y 2d 511); Mink v. Keim (291 N. Y. 300); Honsinger v. Union Carriage & Gear Co. (175 N. Y. 229); Harris v. Harris (246 App. Div. 667); Mintzer v. Loeb, Rhodes & Co. (10 A D 2d 27), saying: “ This rule also prevails where, as here, no counterclaim was pleaded and the defendants presented proof refuting the plaintiff’s claim and cause of action (Greenberg v. De Hart, supra).” The Trial Justice found that the object in withdrawing the action was to get out from under the order of preclusion, to start over again, and to file another lis pendens and prolong its effect. The Appellate Division assumed that what Special Term did would have been right except that the law is so inflexible as to render impossible dismissal on the merits.
This conception of the law seems to be erroneous. It has long been held that discontinuances cannot be had except on the merits, where the Special or Trial Term Justice so rules, where a defendant has obtained ‘1 rights in the action ’ ’ (Landsman v. Landsman, 278 App. Div. 214, 215). Although the usual situation of that kind is where a defendant has interposed a counterclaim, that is only one means whereby a defendant may have acquired rights in the action. The discussion by the Judicial Council which led to the repeal (L. 1953, eh. 113) of section 457 of the Civil Practice Act permitting voluntary nonsuits points out that, even before this statutory change and the adoption of rule 301, discontinuances were not permitted where substantial rights had accrued to a defendant such as where a motion had been granted or denied for change of place of trial, where a case had been removed from a lower court to a higher court, or other intermediate orders of substance had been made in the action. Discontinuance was denied without any counterclaim where, in a new action, the incontestable clause might have run on a life insurance policy (Grana v. Metropolitan Life Ins. Co., 237 App. Div. 54). An examination of those and other decisions, such as Jermyn v. Searling (139 App. Div. 116); Palmedo v. Walton *745 Reporter Co. (112 Misc. 729, 733, affd. on opinion below 193 App. Div. 920); Kruger v. Persons (52 App. Div. 50); Carleton v. Darcy (75 N. Y. 375, 377); Frear v. Lewis (201 App. Div. 660); Bowe v. Knickerbocher Life Ins. Co. (27 Hun 312) shows that there is not an ironclad rule that in order to preclude a discontinuance there must be a counterclaim or some property claim by defendant in an action. The same rule now applies to voluntary nonsuits. Those are the usual examples of substantial rights in the action having accrued to the defendant, which may prevent discontinuances or dismissals against the defendants’ objection. There are many other instances where a court may properly deny a discontinuance or dismissal which is not upon the merits. Nothing in section 482 of the Civil Practice Act or rule 301 of the Rules of Civil Practice requires these appellants to be harassed in this manner by the plaintiff. Section 482 simply provides that a dismissal of a complaint or counterclaim before the close of the plaintiffs’ evidence does not prevent a new action for the same cause of action, unless the judgment expressly declares that it is rendered upon the merits as this judgment does. Rule 301 allows the exercise of such a discretion.
Especially in these days when Special Term procedure is sought to be curtailed where reasonably possible, it seems unnecessary to prevent Trial Justices from dismissing on the merits merely in order to enable the withdrawing party to multiply Special Term practice because he is dissatisfied with the way previous practice motions have been determined or is seeking some strategic advantage by delay.
The order of the Appellate Division should be reversed and that of the Special Term reinstated. "
Judgment affirmed.